DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Westfield Insurance Company, appeals the trial court's decision denying its motion for leave to intervene in a case in which Appellant's insured, Timberline Post Frame (Timberline), is being sued for damages by Harry Gehm.
 {¶ 2} On October 15, 2004, Mr. Gehm filed a complaint against Timberline. Mr. Gehm is seeking damages from Timberline relating to the construction of a building on his property. On December 13, 2004, Appellant filed a motion for leave to intervene in the action as a new party Defendant. Per judgment entry nunc pro tunc, the trial court denied Appellant's motion for leave to intervene on February 25, 2005.
 {¶ 3} Appellant appeals the trial court's order, asserting one assignment of error for our review. We find that the order from which Appellant appeals is not a final appealable order, and thus, we lack jurisdiction to hear the instant appeal.
 {¶ 4} R.C. 2505.02 provides in pertinent part as follows:
"A) As used in this section:
"1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
* * *
"B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment [.]"
As Civ. R. 24(A) provides the right to intervene; we agree that the trial court's judgment affects a substantial right. We cannot conclude, however, that the trial court's denial of the motion "determines the action and prevents a judgment."
 {¶ 5} Appellant asserts that if it is not permitted to intervene in the instant matter, collateral estoppel will preclude it from relitigating facts in a subsequent proceeding. In support, Appellant relies upon Howell v. Richardson (1989), 45 Ohio St.3d 365. In Howell,
the insurance company never attempted to intervene in the original civil action. Accordingly, the Court held that collateral estoppel "applies likewise to those in privity with the litigants and to those who could have entered the proceeding but did not avail themselves of the opportunity." Id., at 367.
 {¶ 6} In the instant matter, Appellant did seek to intervene. Upon filing its motion, the trial court found that trial should proceed without Appellant as a party. Appellant's motion to intervene, and the trial court's subsequent denial of that motion, preserved Appellant's ability to litigate its claims in a subsequent suit. An element of collateral estoppel, the ability to have previously litigated an issue, could not apply to bar subsequent litigation by Appellant because the trial court has determined that Appellant cannot intervene. Accordingly, the trial court's judgment does not determine the action and prevent judgment with respect to the issues raised by Appellant.
 {¶ 7} Additionally, Civ. R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all
the claims or the rights and liabilities of fewer than all the parties,
shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
 {¶ 8} In the instant matter, the trial court's denial of Appellant's motion to intervene adjudicated the procedural rights of Appellant, i.e., Appellant's right to intervene, but left the substantive claims of the plaintiff, Mr. Gehm, pending in the trial court. Further, even a finding that the denial of Appellant's motion was a final appealable order under R.C. 2505.02 does not obviate the need for Civ. R. 54(B) language.
"An appellate court, when determining whether a judgment is final, must engage in a two-step analysis. First, it must determine if the order is final with the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ. R. 54(B) language is required."Gen. Accident Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 21.
 {¶ 9} As the trial court's denial of the motion to intervene did not determine Appellant's action or prevent judgment on Appellant's claims, i.e., the trial court's ruling does not effect Appellant's right to litigate coverage in the future, and did not include the language required by Civ. R. 54(B), we do not have jurisdiction to hear this matter. Therefore, we dismiss Appellant's appeal.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant,
Exceptions.
Carr, J., Moore, J., concurs.