DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, The Cincinnati Insurance Company, has appealed from the decision of the Summit County Court of Common Pleas that denied its motion to intervene. This Court dismisses the appeal.
 {¶ 2} On January 28, 2004, Plaintiff-Appellee Alison Wilson and several other women filed a complaint against Defendants-Appellees the United Fellowship Club of Barberton ("Club") and Bud Gelhausen. The complaint alleged gender discrimination in club membership policies. Appellant, The Cincinnati Insurance Company, is the insurer of the Club. {¶ 3}
On June 23, 2005, Appellant filed a motion to intervene "for the sole purpose of submission of interrogatories to the jury." On July 8, 2005, the trial court denied Appellant's motion to intervene. Appellant has timely appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN DENYING THE INTERVENING PLAINTIFF/APPELLANT'S MOTION TO INTERVENE FOR THE PURPOSE OF SUBMITTING INTERROGATORIES TO THE JURY."
 {¶ 4} In its first assignment of error, Appellant has argued that the trial court erred in denying its motion to intervene in the underlying civil action. Specifically, Appellant has argued that it should have been allowed to intervene for its sole desired purpose of presenting interrogatories to the jury. We find that we lack jurisdiction to hear the instant appeal.
 {¶ 5} R.C. 2505.02 provides in pertinent part as follows:
"A) As used in this section:
"1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
* * *
"B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment [.]"
We have previously found that a trial court's decision on one's right to intervene under Civ.R. 24(A) affects a substantial right. See Gehm v. Timberline Post Frame, 9th Dist. No. 22479, 2005-Ohio-5222 at ¶ 4. However, we have also held that "[w]e cannot conclude * * * that the trial court's denial of [a] motion [to intervene] `determines the action and prevents a judgment.'" Id. We affirm our previous holding and find that the denial of Appellant's motion to intervene is not a final, appealable order.
 {¶ 6} In addition to satisfying the requirements of R.C.2505.02 to be ripe for review, an order must also comply with Civ.R. 54(B). When determining if a judgment is final, an appellate court must engage in the following two-step analysis: 1) "it must determine if the order is final with the requirements of R.C. 2505.02" and 2) "[i]f the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required." Gen. Accident Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 21. Pursuant to Civ.R. 54(B):
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicatesfewer than all the claims or the rights and liabilities of fewerthan all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
 {¶ 7} The trial court stated the following in the order at issue: "This cause came before the court upon Cincinnati Insurance Company's Motion to Intervene. Upon consideration thereof, this Court finds said motion not well taken. Therefore, Cincinnati Insurance Company's Motion to Intervene is DENIED." It is clear from the order that the trial court did not include any of the required Civ.R. 54(B) language in its denial of Appellant's motion to intervene. We find that the trial court's denial of Appellant's motion to intervene adjudicated the procedural rights of Appellant, but left the substantive claims of the Plaintiffs/Appellees pending in the trial court. Therefore, the order is not a final, appealable order under Civ.R. 54(B).
 {¶ 8} To reiterate, the trial court's denial of Appellant's motion to intervene is not a final, appealable order because it did not determine the action and prevent a judgment and because it is clear from the order that the trial court did not comply with Civ.R. 54(B). Accordingly, we find that this Court lacks jurisdiction to hear this matter.
 III {¶ 9} The instant appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J., Boyle, J., concur.