JOURNAL ENTRY and OPINION
{¶ 1} Proposed intervenor Allstate Insurance Co. appeals from a common pleas court ruling denying its motion to intervene in this tort action. Allstate claims the common pleas court abused its discretion when it refused to allow Allstate to intervene as of right or permissively.
 {¶ 2} Plaintiff Victoria Krancevic, a junior high school teacher, filed her complaint on May 5, 2003, alleging that she was injured when the defendants, minor girls, fell on Krancevic's left foot as they were fighting in a hallway at the school. She claimed the girls were negligent, that their conduct constituted assault and battery, and that their parents or guardians were statutorily liable for the minors' actions under R.C. 3109.10. Each minor child and her parent answered and cross-claimed for contribution or indemnification. The court set the matter for trial on May 5, 2004.
 {¶ 3} On March 18, 2004, Allstate — the issuer of a homeowner's insurance policy to the parent of one of the minors involved — moved the court to intervene in this action. The court denied the motion the following day, without opinion. Allstate has appealed from this ruling. This court has stayed the proceedings in the common pleas court pending a decision in this appeal.
 {¶ 4} Allstate contends that it has a right to intervene pursuant to Civ.R. 24(A). It claims that it has an interest in the subject of the underlying suit because it may become obligated to pay a judgment rendered against its insured. It further asserts that it will be bound by a judgment in this action on the question whether its insured acted intentionally.
 {¶ 5} Civil Rule 24(A) permits a person to intervene in an action as of right, "[u]pon timely application," "when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The applicant must meet four requirements under this rule. First, he or she must have a protectable interest in the property or transaction that is the subject of the action. Second, the application must be timely. Third, the applicant must be in such a position that disposition of the action may, as a practical matter, impair or impede the applicant's interests. Finally, the the applicant's interests must not be adequately represented by the existing parties. Myers v. Basobas (1998), 129 Ohio App.3d 692, 696.
 {¶ 6} When the liability insurer of a defendant in a tort action disputes coverage, the insurer has an interest in the outcome of the tort action independent of its insured's interests. The insurer will be bound by the results of the tort action in any subsequent proceeding to determine insurance coverage. Howell v. Richardson (1989), 45 Ohio St.3d 365. Thus, as a practical matter, determination of the tort action may impair the insurer's ability to protect its own interests in a coverage dispute.
 {¶ 7} Neither party to the tort action adequately represents the insurer's interests. Although the insurer and the insured share an interest in contesting liability, if liability is established, the insured has an interest in maximizing the portion of the claim which is covered by insurance, while the insurer would seek to minimize the covered portion of the claim. See, e.g., Alhamid v. Great Am. Ins. Cos., Mahoning App. No. 02-CA-114, 2003-Ohio-4740, ¶ 17. Furthermore, the plaintiff and the insured defendant have a common interest in obtaining a general verdict, untested by interrogatories, to preclude the insurer from denying coverage if the jury finds liability.Tomcany v. Range Constr., Lake App. No. 2003-L-071,2004-Ohio-5314, at ¶ 33.
 {¶ 8} This leaves the question of the timeliness of Allstate's motion. Although Allstate knew of its interest in this litigation from the time the action was filed on May 5, 2003,[1] and although it knew of the scheduled trial date from February 5, 2004 (when the trial date was set by the court), Allstate did not file its motion to intervene until ten months after the complaint was filed, almost six weeks after the trial date was set, and only seven weeks before the trial was scheduled to begin. Where intervention of right is at issue, greater consideration may be given to the possible prejudice to the intervenor as against the delay or prejudice to the original parties in adjudicating their rights and liabilities. Likover v.Cleveland (1978), 60 Ohio App.2d 154, 159. Here, however, the inconvenience and delay which would have been occasioned if Allstate's motion had been granted would have been extensive. Allstate did not merely seek leave to participate in a limited manner to protect its interests in the action between the plaintiff and its insured, for example, by submitting proposed jury interrogatories. Cf. Tomcany v. Range Constr., Lake App. No. 2003-L-071, 2004-Ohio-5314; Alhamid v. Great Am. Ins. Cos.,
Mahoning App. No. 02-CA-114, 2003-Ohio-4740; Schmidlin v. DVEnt. (June 1, 2000), Cuyahoga App. No. 76287. Rather, it proposed to file an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds. This pleading would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay in the proceedings between the existing parties. Therefore, we find the common pleas court did not abuse its discretion by denying Allstate's motion to intervene as untimely.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The stay of proceedings ordered by this court pending the outcome of this appeal is hereby lifted.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, JR., P.J. and Joyce J. George, J.*Concur.
*Sitting by assignment, Judge Joyce J. George, retired, of the 9th District Court of Appeals.
[1] Allstate provided a defense to its insured under a reservation of rights. Hence, it was clearly aware of the coverage issues from the beginning of this case, if not before.