MEMORANDUM OPINION
{¶ 1} On March 8, 2006, appellant, Evenflo Company, Inc., filed a notice of appeal with this court from a February 7, 2006 judgment of the Portage County Court of Common Pleas.
 {¶ 2} In the February 7, 2006 judgment entry, the trial court denied appellant's motion for summary judgment against appellee, Meeker RD., Inc., on its claims for breach of contract, an accounting, and declaratory relief. However, the trial court granted the motion for summary judgment of appellee as to the construction of the terms of the written agreements with appellant. It is from that entry that appellant filed its notice of appeal on March 8, 2006.
 {¶ 3} On April 18, 2006, appellee filed a motion to dismiss the appeal. In that motion, appellee claims that the February 7, 2006 judgment entry is not a final appealable order. Specifically, appellee's motion asserts that the trial court did not enter a final judgment on any claims, nor did the trial court determine that there was no just reason for delay pursuant to Civ.R. 54(B).
 {¶ 4} Appellant filed a memorandum in opposition to appellee's motion to dismiss on April 28, 2006.
 {¶ 5} It is well-settled that before an appellate court can review an order, it must be final. Gen. Acc. Ins. Co. v. Inc.Co. of N. America (1989), 44 Ohio St.3d 17, 20. An appellate court has no jurisdiction if an order is not final. Id.
 {¶ 6} An appellate court, when determining if a judgment is final, engages in a two-step analysis. First, the court must decide if the order is final within the requirements of R.C.2505.02. If the court finds that the order complies with R.C.2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required.
 {¶ 7} R.C. 2505.02(B)(1) and (B)(2) defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[,]" or "(2) [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 8} Here, appellee filed claims for breach of contract, for an accounting and for a declaratory judgment regarding the parties' rights under the contracts.
 {¶ 9} In general, an action for declaratory judgment is a special proceeding pursuant to R.C. 2505.02 and, therefore, "an order entered therein which affects a substantial right is a final appealable order." Gen. Acc. Ins. Co.,44 Ohio St.3d at 22. However, if a declaratory judgment claim is asserted within the context of an ordinary civil action for breach of contract, it is the underlying action which governs our analysis. Stevensv. Ackman (2001), 91 Ohio St.3d 182, 188.
 {¶ 10} In the case at bar, the underlying action is for a breach of contract. Thus, the trial court's judgment does not become a final and appealable order simply because it is cast in the form of a declaratory judgment action.
 {¶ 11} In the instant matter, the judgment entered by the trial court was interlocutory in nature, and the issue is not yet ripe for review. There was no order dismissing or terminating the case. An interlocutory order is simply not a final appealable order. Therefore, the order appealed from is not final and this court will not have jurisdiction until a final, appealable order is issued.
 {¶ 12} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is dismissed due to lack of a final, appealable order.
 {¶ 13} Appeal dismissed.
O'Neill, J., O'Toole, J., concur.