DAVIS, Appellee; Allstate Insurance Company, Intervening Appellant,

v.

BORDER, Appellee.

[Cite as *Davis v. Border*, 170 Ohio App.3d 758, 2007-Ohio-692.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

Nos. 2004–T–0051 and 2004–T–0060.

Decided Feb. 16, 2007.

760

Phillip M. Vigorito, for appellee Eric Davis.

Perrin I. Sah, for intervening appellant.

Patrick K. Wilson, for appellee Matthew Border.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellant, Allstate Insurance Company ("Allstate"), appeals the judgment of the Trumbull County Court of Common Pleas. For the reasons that follow, we affirm.

{¶ 2} On February 10, 2003, appellee Eric Davis filed the complaint in this matter, claiming that on February 9, 2002, he was injured when appellant's insured appellee Matthew Border struck him while holding a drinking glass. Davis alleged that Border's conduct was "intentional, willful, reckless and/or negligent."

{¶ 3} Appellant had issued a homeowner's insurance policy to Border, which was in effect on the date of the incident. The policy provides liability coverage for the negligent acts of its insured, but not for intentional acts.

{¶ 4} Border was served with the complaint on February 18, 2003, and Allstate retained counsel for him. The parties exchanged written discovery and completed depositions. The court scheduled the final pretrial on April 29, 2004 and jury trial on May 10, 2004. On April 26, 2004, appellant filed a motion to intervene with a complaint and cross-claim for declaratory judgment attached. Davis filed a brief in opposition. On May 4, 2004, the court denied the motion as untimely. On May 7, 2004, appellant appealed the denial under case No. 2004–T–0051 and moved the trial court to stay the proceedings. On May 10, 2004, the court denied appellant's motion to stay.

{¶ 5} Appellant never filed a motion to stay the trial in this court. As a result, the trial proceeded as scheduled. The case was tried to a jury beginning on May 12, 2004. After Davis presented his case-in-chief, the court granted Border's

motion for directed verdict regarding the intentional-, willful-, and reckless-conduct allegations. The case proceeded on only Davis's allegation that Border's conduct was negligent. The jury returned a verdict in favor of Davis. Judgment was entered on the verdict on May 20, 2004. On June 1, 2004, appellant appealed the court's judgment on the verdict under case No. 2004–T–0060. On November 8, 2004, appellant amended its appeal to include the denial of its May 7, 2004 motion to stay. The appeals were subsequently consolidated. This matter was recently assigned to this writer.

{¶ 6} Appellant submits three assignments of error. For the sake of clarity, they will be considered out of order. For its second assignment of error, appellant asserts:

{¶ 7} "Allstate's appeal from the denial of its motion to intervene divested the trial court of jurisdiction to proceed to trial."

{¶ 8} Allstate argues that its May 7, 2004 notice of appeal divested the trial court of jurisdiction and thus all subsequent rulings and the court's judgment on the verdict are void.

{¶ 9} The resolution of this issue depends on whether the court's judgment denying appellant's motion to intervene was a final and appealable order as of May 7, 2004, the date appellant filed its notice of appeal.

{¶ 10} Appellate jurisdiction is limited to the review of final orders and judgments that are appealable. *Klein v. Bendix–Westinghouse Automotive Air Brake Co.* (1968), 13 Ohio St.2d 85, 86, 42 O.O.2d 283, 234 N.E.2d 587. The court of appeals does not have jurisdiction over appeals taken from orders that are not final and appealable. *Barker v. Barker* (1997), 118 Ohio App.3d 706, 713, 693 N.E.2d 1164.

{¶ 11} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2505.02(B) provides: "An order is a final order * * * when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) An order that affects a substantial right made in a special proceeding * * *."

{¶ 12} Civ.R. 54(B) provides:

{¶ 13} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * * "

{¶ 14} The trial court's entry denying appellant's motion to intervene provided: "This cause is before the Court on Motion of Allstate Insurance Company to intervene. The Court finds the motion not timely and not well-taken and is denied. CASE TO PROCEED."

{¶ 15} The court's entry did not include a finding that there is no just reason for delay.

{¶ 16} In *Williams v. Winston* (Oct. 11, 1995), 1st Dist. No. C–940746, 1995 WL 596073, the appellant appealed the denial of a motion to intervene. The court held:

{¶ 17} "An order is final and appealable only if it meets the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable. Civ.R. 54(B) requires that the court make an express determination that there is no just reason to delay an appeal before it can enter final judgment as to one or more but fewer than all the claims or parties to an action. * * *

{¶ 18} "The trial court's decision overruling appellant's motion to intervene resolved only appellant's rights and liabilities, not those of the other parties. Therefore, Civ.R. 54(B) applies. However, the order overruling appellant's motion did not contain the 'no just reason for delay' determination. * * * [T]his court is without jurisdiction to hear the case since the trial court's order does not expressly state that there is no just reason for delay. Therefore, we dismiss the appeal." (Citations omitted.)

{¶ 19} The First Appellate District recently reaffirmed its decision in *Williams* in *Queen City Lodge No. 69, Fraternal Order of Police v. State Emp. Relations Board,* 1st Dist. No. C–060530, 2007-Ohio-170, 2007 WL 121740. In that case, the Fraternal Order of Police ("FOP") filed an unfair-labor-practice charge against the city with the State Employment Relations Board ("SERB"). SERB denied the charge. The FOP filed an administrative appeal in the trial court, but did not name the city as a party. The trial court denied the city's motion to intervene. The court held that the order denying the city's motion was a final order because it affected a substantial right and in effect determined the action and prevented a judgment for the city. However, the judgment left unadjudicated the pending claims of the parties. The court held that without the Civ.R. 54(B) finding, the order was not appealable. Id. at ¶ 11–12.

{¶ 20} The Ninth Appellate District also follows the foregoing rule. In *Gehm v. Timberline Post & Frame,* 9th Dist. No. 22479, 2005-Ohio-5222, 2005 WL 2401906, Gehm filed a complaint against Timberline seeking damages related to the construction of a building. Westfield, Timberline's insurer, filed a motion to intervene to participate in discovery and submit jury interrogatories. The court denied the motion and proceeded to trial without Westfield as a party. Westfield

appealed the denial. The court held that the order denying the motion was neither final nor appealable. The court held that Westfield's motion and the court's denial preserved Westfield's ability to litigate its claims in a separate suit, since collateral estoppel applies only to a party who could have intervened in the proceeding. The court's judgment was thus not final pursuant to R.C. 2505.02, because it did not determine the action and prevent a judgment.

{¶ 21} In addition, the court in *Gehm* held that because the order left Gehm's claim pending, the order needed the Civ.R. 54(B) finding of "no just reason for delay" to be final and appealable. As a result, the court dismissed the appeal.[1]

{¶ 22} Moreover, in *Wilson v. United Fellowship Club of Barberton*, 9th Dist. No. 22792, 2006-Ohio-1047, 2006 WL 551356, the plaintiff sued the club for gender discrimination. The club's insurer moved to intervene for the sole purpose of submitting interrogatories to the jury. The court denied the insurer's motion, and the insurer appealed. The court held:

{¶ 23} "In addition to satisfying the requirements of R.C. 2505.02 to be ripe for review, an order must also comply with Civ.R. 54(B). When determining if a judgment is final, an appellate court must engage in the following two-step analysis: (1) 'it must determine if the order is final with [in] the requirements of R.C. 2505.02' and (2) 'if the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required.' *Gen. Accident Ins. Co. v. Ins. Co. of N. America* (1989), 44 Ohio St.3d 17, 21 [540 N.E.2d 266]. * * *

{¶ 24} " * * *

{¶ 25} " * * * It is clear from the order that the trial court did not include * * * the required Civ.R. 54(B) language in its denial of Appellant's motion to intervene. We find that the trial court's denial of Appellant's motion to intervene adjudicated the procedural rights of Appellant, but left the substantive claims of the Plaintiffs/Appellees pending in the trial court. Therefore, the order is not a final, appealable order under Civ.R. 54(B)." Id. at ¶ 6–7.

{¶ 26} These cases are consistent with a recent decision of this court, which involved structurally similar circumstances. In *Meeker R & D, Inc. v. Evenflo Co., Inc.*, 11th Dist. No. 2006–P–0019, 2006-Ohio-3885, 2006 WL 2105496, we held that when multiple claims or parties are involved in an action and a judgment therein concerns fewer than all the claims or parties, the Civ.R. 54(B) finding is required to make any final order final and appealable.

---

1. *Gehm* is currently before the Ohio Supreme Court, 108 Ohio St.3d 1434, 2006-Ohio-421, 842 N.E.2d 61, on the following limited issue: "Whether the denial of a motion for leave to intervene on behalf of an insurer for purposes of participating in discovery and submitting jury interrogatories is a final appealable order pursuant to R.C. 2505.02."

{¶ 27} In *Meeker*, the plaintiff asserted claims for breach of contract, an accounting, and a declaratory judgment. The court granted the plaintiff's motion for summary judgment on its declaratory-judgment claim only. In addressing the finality of the court's judgment, we adopted the two-part test of *Gen. Acc. Ins. Co.*, i.e., the order must meet the requirements of R.C. 2505.02(B)(1) or (2) and include the Civ.R. 54(B) finding, if applicable. An order is final under R.C. 2505.02 if (1) it affects a substantial right in an action that in effect determines the action and prevents a judgment or (2) it affects a substantial right in a special proceeding. We noted that while a declaratory judgment action is generally a special proceeding, if it is asserted in an "ordinary" civil action, such as the case sub judice, the underlying action determines whether it is final under R.C. 2505.02(B)(1) or (2). Because the order in *Meeker* did not satisfy the *Gen. Acc. Ins. Co.* test, we dismissed the appeal. We find *Meeker* to be binding authority here.

{¶ 28} Alternatively, the Eighth Appellate District has drawn a different conclusion. In *Filippi v. Ahmed*, 8th Dist. No. 86927, 2006-Ohio-4368, 2006 WL 2441753, the court held that an order denying a motion to intervene does not require the Civ.R. 54(B) finding because that rule applies to parties, and "a motion to intervene presupposes that the entity seeking to intervene is not a party." Id. at ¶ 4–5.

{¶ 29} It bears noting that the strict reading of the language of the rule animating the Eighth District's viewpoint was considered and found wanting by the Appellate Court of Illinois, Second District, in *Long Grove v. Austin Bank of Chicago* (1992), 234 Ill.App.3d 376, 175 Ill.Dec. 589, 600 N.E.2d 520, which addressed this argument, as follows:

{¶ 30} "While petitioners were never technically parties, the order denying them intervention is similar to other types of orders which have been held nonfinal pursuant to the rule. For example, an order dismissing a third-party complaint which does not include the requisite language is not immediately appealable. We note also that an order dismissing one of multiple plaintiffs or defendants from a cause is similarly not appealable absent a Rule 304(a) finding." (Citations omitted.) Id. at 379, 175 Ill.Dec. 589, 600 N.E.2d 520.

{¶ 31} The foregoing analogy is sound and supported by Ohio case law. See *United Tel. Co. of Ohio v. Tel. Answering Serv. of Lima, Inc.* (Nov. 22, 1982), 3rd Dist. No. 1–81–13, 1982 WL 621911, *2 (holding that an order that dismisses a third-party complaint while other claims are pending in the action is not a final, appealable order without an express determination of no just reason for delay). See, also, *State ex rel. Jacobs v. Mun. Court of Franklin Cty.* (1972), 30 Ohio St.2d 239, 243–244, 59 O.O.2d 298, 284 N.E.2d 584.

■ {¶ 32} Furthermore, it is worth pointing out that both parties and proposed intervenors have standing to appeal a trial court decision. *In re Rundio* (Sept. 8, 1993), 4th Dist. No. 92 CA 35, 1993 WL 379512, *3. As a result, an order denying a motion to intervene must also comply with the requirements of R.C. 2505.02 and Civ.R. 54(B) to be final and appealable.

{¶ 33} We adopt the rule set forth by the First and Ninth District Courts of Appeals.[2] We therefore hold that at the time appellant filed its appeal from the May 4, 2004 order denying its motion to intervene, i.e., on May 7, 2004, the order required the Civ.R. 54(B) finding to be final and appealable because Davis's claims were still pending.

■ {¶ 34} Because the trial court's entry denying the motion to intervene did not include the required Civ.R. 54(B) language and Davis's claims were still pending as of the date of the entry, the court's order was not final and appealable at that time. That order became final and appealable following the court's judgment on the verdict on May 20, 2004, and immediately thereafter we acquired jurisdiction of this matter. App.R. 4(C).

{¶ 35} When we ruled on Davis's May 10, 2004 motion to dismiss, i.e., on August 26, 2004, the order denying appellant's motion to intervene became final and appealable.

■ {¶ 36} Appellant's initial appeal did not vest this court with jurisdiction, and the trial court was not divested of its jurisdiction to try this case. Our order of August 26, 2004, is hereby revised to reflect this finding.

{¶ 37} Finally, it does not escape our attention that appellant made conflicting representations to the trial court in its motion to intervene concerning its participation in the action. While appellant attached a complaint for declaratory relief to its motion, it stated in its brief that its participation could be "limited to the submission of interrogatories to the jury." Its stated purpose for the intervention was to present to the jury the question of whether Border's conduct was intentional or negligent so it would not be "obligated to pay the judgment on his behalf even if the jury finds that he acted intentionally." That purpose was accomplished when the trial court directed a verdict on Davis's intentional-, willful-, and reckless-conduct allegations. As a result of that ruling, the jury's verdict could have been based only on Border's negligence, which was covered by his insurance policy. This circumstance further distinguishes this case from

---

2. We are mindful of our decision in *Tomcany v. Range Constr.*, 11th Dist. No. 2003–L–071, 2004-Ohio-5314, 2004 WL 2801671, which the Supreme Court found to be in conflict with *Gehm*. We note that in *Tomcany*, we did not consider the effect of the lack of a Civ.R. 54(B) finding. As a result, we do not believe that our holding in that case is binding here.

*Gehm* and *Tomcany,* since the directed verdict rendered appellant's motion for intervention moot.

{¶ 38} If appellant's participation had been limited to the submission of interrogatories, the denial of its motion would not have "in effect determined the action and prevented a judgment" in its favor, because there would be no claim or defense to litigate. As a result, the court's denial of appellant's motion to intervene may not have been a final order. Because our holding today is based on the lack of a finding under Civ.R. 54(B) and this specific issue is before the Ohio Supreme Court in *Gehm,* we decline to address it.

{¶ 39} Appellant's second assignment of error is not well taken.

{¶ 40} Appellant asserts in its first assignment of error:

{¶ 41} "The trial court abused its discretion in denying Allstate Insurance Company's motion to intervene."

 {¶ 42} The standard of review concerning the timeliness of a motion to intervene is abuse of discretion. *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 43} Intervention is provided for in the Rules of Civil Procedure. Civ.R. 24(A) outlines the requirements for intervention as of right, and provides that the motion must be "timely."

{¶ 44} In *Nunn v. Lockformer Co.* (Nov. 19, 1998), 8th Dist. No. 73505, 1998 WL 811352, the insurer moved to intervene to present a declaratory-judgment action with the plaintiff's product-liability claim. In affirming the trial court's denial of the motion, the court held:

{¶ 45} "Relevant factors in deciding the timeliness of a motion to intervene include the delay that intervention will have on the disposition of the pending case, the point to which the action has progressed, the length of time the [appellant] knew or should have known about the pending suit, and the reason for the delay in attempting to intervene.

{¶ 46} "When the motion was filed, the existing parties had completed discovery * * *, filed their dispositive motions * * *, and filed replies to the dispositive motions * * *. The motion to intervene was filed just two days before a scheduled settlement conference * * *, and just two months before the set trial date * * *. If the motion to intervene was granted, the trial court would have had to allow additional discovery, which would inevitably have delayed the trial date." (Citations omitted.) Id. at *2.

{¶ 47} Further, in *Nunn* the insurer gave no reason for its delay in seeking intervention and did not dispute that it had knowledge of the plaintiff's claims for some three years before it filed its motion.

{¶ 48} In *First New Shiloh Baptist Church*, the Supreme Court listed the following factors as also being relevant in determining whether a motion to intervene is timely: (1) " 'the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention' " and (2) " 'the existence of unusual circumstances militating against or in favor of intervention.' " Id., 82 Ohio St.3d at 503, 696 N.E.2d 1058, quoting *Triax Co. v. TRW, Inc.* (C.A.6, 1984), 724 F.2d 1224, 1228. The timeliness of a motion to intervene depends on the individual facts of the case. Id.

{¶ 49} In *Krancevic v. McPherson*, 8th Dist. No. 84511, 2004-Ohio-6915, 2004 WL 2931012, the plaintiff teacher was assaulted by a student. The plaintiff sued the parent, and Allstate, which had issued a homeowner's insurance policy to the child's parent, moved the court to intervene. Allstate argued that it had a right to intervene, claiming it had an interest in the subject of the suit because it might become obligated to pay a judgment rendered against its insured. It also argued that it would be bound by a judgment on the question of whether its insured acted intentionally. The court held:

{¶ 50} "Although Allstate knew of its interest in this litigation from the time the action was filed on May 5, 2003, * * * Allstate did not file its motion to intervene until ten months after the complaint was filed, * * * and only seven weeks before the trial was scheduled to begin. * * * [T]he inconvenience and delay which would have been occasioned if Allstate's motion had been granted would have been extensive. Allstate did not merely seek leave to participate in a limited manner to protect its interests in the action between the plaintiff and its insured, for example, by submitting proposed jury interrogatories. * * * Rather, it proposed to file an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend * * * and to pay any judgment entered against its insureds. This pleading would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay in the proceedings between the existing parties. Therefore, we find the common pleas court did not abuse its discretion by denying Allstate's motion to intervene as untimely." Id. at ¶ 8.

{¶ 51} The holdings in these cases apply with greater force here. Appellant was on notice of this case from the time its insured was served with the complaint, i.e., from February 18, 2003. Appellant provided defense counsel for him at that time. It conceded in its motion to intervene that the "coverage issues

[were] obvious on the face of the Plaintiff's complaint." However, it waited over 14 months before it filed its motion to intervene. Prior to filing the motion, the parties had completed discovery, including the taking of depositions. A motion for summary judgment had been filed. Appellant filed its motion only three days before the final pretrial and only 14 days before the scheduled trial date.

{¶ 52} Further, appellant proposed to file a complaint and cross-claim for declaratory judgment. While it stated in its motion that it "believes this case [could] go to trial with Allstate's participation being limited to the submission of interrogatories to the jury," that belief is contradicted by its proposed pleading and its stated intent to litigate the coverage issues. We also note that Civ.R. 24 provides: "The motion * * * shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." The word "shall" connotes a mandatory requirement. Black's Law Dictionary (5th Ed.1979) 1233. The Supreme Court has held that a motion to intervene under Civ.R. 24 must be denied if it is not accompanied by a pleading setting forth the claim or defense for which intervention is sought. *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 426–427, 2004-Ohio-3701, 811 N.E.2d 1130. The Civil Rules do not provide for the type of limited intervention to which appellant refers.

{¶ 53} If appellant's motion to intervene were granted, it would have necessarily interfered with the trial date. Even if its motion had been granted on the same date it was filed, the parties' answer date would have been 14 days after the scheduled trial date. Appellant also stated in its motion that it would not request a continuance of the trial. However, this statement is disingenuous because if a continuance was not granted, the existing parties would have been prejudiced by the denial of the right to engage in discovery on the new issues raised in appellant's pleading. Such proceedings would necessarily have delayed the trial.

{¶ 54} Perhaps most significantly, appellant provided no reason for its delay of over one year and two months in filing the motion. By any reasonable standard, appellant's motion to intervene 14 months after the complaint was filed and two weeks before the trial date was untimely. If this court were to rule otherwise, an insurer could wait until a case had progressed to the point of trial before it decided it was in its best interests to intervene, and thereby force the trial court to change its schedule to comply with the insurer's tactical decision.

{¶ 55} We do not agree with appellant's argument that our decision in *Tomcany* is controlling here. In that case, the insurer filed its motion to intervene two and one-half months before trial; did not propose to file its own pleading; and the parties did not object to the intervention. Appellant's first assignment of error is not well taken.

{¶ 56} Appellant states for its third assignment of error:

{¶ 57} "The trial court abused its discretion in denying Allstate's motion to stay."

{¶ 58} Our disposition of appellant's second assignment of error renders this assignment of error moot.

{¶ 59} For the reasons stated in this opinion, the first and second assignments of error are without merit. Appellant's third assignment of error is moot. The stay previously granted in this matter is hereby dissolved. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Judgment affirmed.

O'TOOLE, J., concurs.

O'NEILL, J., dissents.

WILLIAM M. O'NEILL, Judge, dissenting.

{¶ 60} I disagree with the majority's conclusion regarding Allstate's second assignment of error. The majority holds that the trial court's judgment entry denying Allstate's motion to intervene was not a final, appealable order, because it lacked Civ.R. 54(B) language. On August 26, 2004, this court issued a judgment entry concluding that the trial court's denial of Allstate's motion to intervene was a final, appealable order. This court cited *Fairview Gen. Hosp. v. Fletcher* in support of its conclusion.[3] Further, this court specifically concluded that the absence of Civ.R. 54(B) language did not affect the finality of the judgment.

{¶ 61} "The law of the case is a longstanding doctrine in Ohio jurisprudence. '(T)he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'"[4]

{¶ 62} This court has already concluded that the denial of Allstate's motion to intervene was a final, appealable order. That conclusion should not be disturbed at this time pursuant to the law of the case doctrine.

{¶ 63} Additionally, several cases have cited *Fairview Gen. Hosp. v. Fletcher* for the proposition that a denial of a motion to intervene is a final, appealable order.[5] We note that the Eighth and Tenth Appellate Districts have generally

---

3. *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827, 591 N.E.2d 1312.

4. *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410.

5. See *State v. Busta* (June 29, 2001), 11th Dist. No. 99–P–0035, 2001 WL 735788, at *2 and *Henderson v. Luhring*, 5th Dist. No. 02–COA–017, 2002-Ohio-4208, 2002 WL 1889269, at ¶ 12.

held that a judgment entry denying a motion to intervene is a final, appealable order.[6]

{¶ 64} In this court's August 26, 2004 judgment entry, this court concluded that the (A)(2) prong of Civ.R. 24 was met, because neither of the other parties adequately represented Allstate's interest. Thus, pursuant to the law-of-the case doctrine, Allstate sought intervention as of right.[7]

{¶ 65} Further, in two substantially similar cases, this court and the Eighth District held that the insurance companies sought intervention of right, due to the fact that neither of the underlying parties adequately represented their interests.[8] The "[d]enial of a motion to intervene as of right pursuant to Civ.R. 24(A)(2) affects a substantial right and is, therefore, a final appealable order." [9] Since the denial of Allstate's motion to intervene as of right pursuant to Civ.R. 24(A) affected a substantial right, the trial court's denial of the motion to intervene was a final, appealable order.

{¶ 66} The majority cites cases from the First and Ninth Appellate Districts in support of its conclusion that Civ.R. 54(B) language is required in a judgment entry denying a motion to intervene to make it final and appealable.[10] Alternatively, the Eighth District has held that Civ.R. 54(B) language is not required when an entity files a notice of appeal from a judgment entry denying a motion to intervene.[11] Since there is competing case law from other districts on this issue, I believe it is inappropriate for the majority to effectively reverse this court's

---

**6.** *Fouche v. Denihan* (1990), 66 Ohio App.3d 120, 126, 583 N.E.2d 457 and *Grogan v. T.W. Grogan Co.* (2001), 143 Ohio App.3d 548, 558, 758 N.E.2d 702, citing *Widder & Widder v. Kutnick* (1996), 113 Ohio App.3d 616, 681 N.E.2d 977.

**7.** See *Hopkins v. Dyer*, supra, at ¶ 15.

**8.** *Tomcany v. Range Constr.*, 11th Dist. No. 2003–L–071, 2004-Ohio-5314, 2004 WL 2801671, at ¶ 32, and *Krancevic v. McPherson*, 8th Dist. No. 84511, 2004-Ohio-6915, 2004 WL 2931012, at ¶ 5–8.

**9.** *Myers v. Basobas* (1998), 129 Ohio App.3d 692, 696, 718 N.E.2d 1001, citing *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010 and *Morris v. Investment Life Ins. Co.* (1966), 6 Ohio St.2d 185, 35 O.O.2d 304, 217 N.E.2d 202. See, also, *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 155, 14 O.O.3d 125, 396 N.E.2d 491, citing *Holibaugh v. Cox* (1958), 167 Ohio St. 340, 4 O.O.2d 461, 148 N.E.2d 677; and *Sutherland v. ITT Residential Capital Corp.* (1997), 122 Ohio App.3d 526, 537, 702 N.E.2d 436, citing *Blackburn v. Hamoudi*, 29 Ohio App.3d at 352, 29 OBR 479, 505 N.E.2d 1010.

**10.** See, e.g., *Queen City Lodge No. 69, Fraternal Order of Police v. State Emp. Relations Bd.*, 1st Dist. No. C–060530, 2007-Ohio-170, 2007 WL 121740, at ¶ 12 and *Gehm v. Timberline Post & Frame*, 9th Dist. No. 22479, 2005-Ohio-5222, 2005 WL 2401906, at ¶ 8–9.

**11.** *Filippi v. Ahmed*, 8th Dist. No. 86927, 2006-Ohio-4368, 2006 WL 2441753, at ¶ 4–5.

prior ruling in this matter, where this court held there was "no need for Civ.R. 54(B) language."

{¶ 67} In *Queen City Lodge No. 69, Fraternal Order of Police v. State Emp. Relations Bd.*, the First District held that a judgment entry denying a motion to intervene is not a final, appealable order with the lack of Civ.R. 54(B) language.[12] Interestingly, the First District also held that the entity whose motion to intervene was denied could not appeal the final judgment on the merits, because such entity was not a "party."[13] Recognizing the potential dilemma, the First District concluded that the only remedy for the entity whose motion to intervene was denied was to attempt to intervene at the appellate level into an appeal filed by another party.[14] In this matter, neither of the other parties appealed the trial court's decision on the merits. Therefore, if the First District's holding were strictly followed, Allstate could never seek appellate review of the trial court's judgment entry denying its motion to intervene.

{¶ 68} R.C. 2505.02, provides:

{¶ 69} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 70} "* * *

{¶ 71} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 72} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 73} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 74} In regard to this section, the Supreme Court of Ohio has held:

{¶ 75} "This division of the final order statute recognizes that, in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment. In some instances, '[t]he proverbial bell cannot be unrung and an appeal after final

---

12. *Queen City Lodge No. 69, Fraternal Order of Police v. State Emp. Relations Bd.*, 2007-Ohio-170, 2007 WL 121740, at ¶ 12.

13. Id. at ¶ 14–15.

14. Id. at ¶ 17.

judgment on the merits will not rectify the damage' suffered by the appealing party." [15]

{¶ 76} The words of the Supreme Court of Ohio are especially applicable in light of the majority's decision to follow *Queen City Lodge No. 69, Fraternal Order of Police v. State Emp. Relations Bd.* Not only would Allstate not have an adequate remedy, it would have *no* remedy.

{¶ 77} The trial court's judgment entry denying Allstate's motion to intervene was a final, appealable order that did not require Civ.R. 54(B) language. Following Allstate's filing of a timely appeal of that order, the trial court was divested of jurisdiction. As the Supreme Court of Ohio has stated:

{¶ 78} "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97 [9 O.O.3d 88, 378 N.E.2d 162]. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44 [553 N.E.2d 1354]." [16]

{¶ 79} In this matter, the act of conducting a jury trial was inconsistent with this court's ability to review whether Allstate should have been allowed to participate in that same jury trial. Since the trial court's actions were inconsistent with this court's review of Allstate's appeal of the denial of its motion to intervene, the trial court did not have jurisdiction to conduct the jury trial.[17] Therefore, as the trial court did not have jurisdiction, the trial court's judgment entry following the jury trial is void.[18]

{¶ 80} Further, I disagree with the majority's holding regarding the trial court's decision on Allstate's motion to intervene. Allstate sought to intervene as of right pursuant to Civ.R. 24(A). "Civ.R. 24 should be liberally construed in favor of intervention." [19]

---

15. *State v. Muncie* (2001), 91 Ohio St.3d 440, 451, 746 N.E.2d 1092, quoting *Gibson–Myers & Assoc. v. Pearce* (Oct. 27, 1999), Summit App. No. 19358, 1999 WL 980562, *2.

16. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, at ¶ 9.

17. Id.

18. Id. at ¶ 15.

19. *Heiney v. Godwin*, 9th Dist. No. 21784, 2004-Ohio-2117, 2004 WL 894500, at ¶ 6, citing *State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 108, 656 N.E.2d 673.

{¶ 81} Allstate sought to intervene because a determination of Border's mental state would be binding upon Allstate in a subsequent action to determine insurance coverage. As stated by the Supreme Court of Ohio:

{¶ 82} "Where a determination is made in an initial action against a tortfeasor relative to his culpable mental state, collateral estoppel precludes relitigation of the determination in a subsequent proceeding brought against the tortfeasor's insurer pursuant to R.C. 3929.06." [20]

{¶ 83} In interpreting the Supreme Court of Ohio's holding in *Howell v. Richardson* and applying it to a case similar to the case at bar, the Eighth Appellate District held:

{¶ 84} "When the liability insurer of a defendant in a tort action disputes coverage, the insurer has an interest in the outcome of the tort action independent of its insured's interests. The insurer will be bound by the results of the tort action in any subsequent proceeding to determine insurance coverage. *Howell v. Richardson* (1989), 45 Ohio St.3d 365 [544 N.E.2d 878]. Thus, as a practical matter, determination of the tort action may impair the insurer's ability to protect its own interests in a coverage dispute.

{¶ 85} "Neither party to the tort action adequately represents the insurer's interests. Although the insurer and the insured share an interest in contesting liability, if liability is established, the insured has an interest in maximizing the portion of the claim which is covered by insurance, while the insurer would seek to minimize the covered portion of the claim. See, e.g., *Alhamid v. Great Am. Ins. Cos.*, [7th Dist.] No. 02–CA–114, 2003-Ohio-4740 [2003 WL 22071544], at ¶ 17. Furthermore, the plaintiff and the insured defendant have a common interest in obtaining a general verdict, untested by interrogatories, to preclude the insurer from denying coverage if the jury finds liability. *Tomcany v. Range Constr.*, [11th Dist.] No. 2003–L–071, 2004-Ohio-5314 [2004 WL 2801671], at ¶ 33."[21]

{¶ 86} Allstate had an interest in this case, in that if it was determined that Border acted intentionally, coverage would be precluded under the policy. Additionally, as previously noted, neither of the other parties to the action adequately represented Allstate's interests. Thus, Allstate had grounds to intervene pursuant to Civ.R. 24(A).

{¶ 87} However, Civ.R. 24(A) also requires the motion to intervene be made in a timely fashion.

---

**20.** *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, paragraph one of the syllabus.

**21.** *Krancevic v. McPherson*, 8th Dist. No. 84511, 2004-Ohio-6915, 2004 WL 2931012, at ¶ 6–7.

{¶ 88} "The following factors are considered in determining timeliness: '(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.' " [22]

{¶ 89} The first factor to consider is the point to which the action had progressed. The case had been pending for more that one year and the motion was filed only two weeks prior to the scheduled trial date. These facts, standing alone, weigh against a finding that Allstate's motion to intervene was timely.

{¶ 90} The second factor for consideration is the purpose of the intervention. In its motion to intervene, Allstate stated that its participation could be "limited to the submission of interrogatories to the jury on factual issues relevant to coverage." When a party seeks to intervene solely to submit jury interrogatories to the jury, intervention should generally be permitted.[23]

{¶ 91} The third factor is the length of time Allstate knew of its interest. In its motion to intervene, Allstate claimed that the issue of whether Border acted intentionally or negligently was set forth in the original complaint. Davis argues that Allstate, therefore, should have known about its interest in the case upon the filing of the complaint. However, discovery was not completed until approximately the same time Allstate's motion to intervene was filed. Specifically, the depositions of Davis and Border were filed on April 26, 2004, the same day Allstate filed its motion to intervene. It is important to note the content of the depositions. In his deposition, Border stated:

{¶ 92} "Davis was staring right at me, and I just caught his eye right away because he was staring me down, obviously, and as soon as I looked at him he just came at me at a very quick pace with his arms like this. He had something in his right hand; I couldn't tell what it was. It was something silver—I don't know. He started walking at me very forcefully, and he got within striking distance of me. I just swung at him with my right hand. I had my drink in my hand and I hit him on the side of the face."

{¶ 93} Davis said the following in his deposition:

---

**22.** *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058, quoting *Triax Co. v. TRW, Inc.* (C.A.6, 1984), 724 F.2d 1224, 1228.

**23.** See *Tomcany v. Range Constr.*, 11th Dist. No. 2003–L–071, 2004-Ohio-5314, 2004 WL 2801671, at ¶ 44–47.

{¶ 94} "And they were saying something and the kid that [Border] was with went through the door and he was still looking at me saying something, so I assumed that he wanted to talk to me because I couldn't understand what he was saying. And I walked—got up, walked over to [Border] and I was hit with a glass."

{¶ 95} Taken together, these depositions reveal that Border's striking of Davis with a cocktail glass may have been intentional. There is nothing in the record indicating that the specific details of this event were revealed to Allstate until the depositions were filed. Further, prior to the depositions being filed, there was nothing in the record, such as answers to interrogatories or other discovery, that gave either of the underlying parties' accounts of what specifically occurred on the night in question.

{¶ 96} While it was generally asserted in the initial complaint that Border had struck Davis in the face with a glass "while swinging his arm," the details of the event were not included in the record until the depositions were filed. Allstate's interest in this case was dependent upon Border's mental state when he struck Davis. Until Allstate was aware of the details of the event, from which Border's mental state could be inferred, Allstate could not reasonably determine its interest in the underlying case.

{¶ 97} The fourth factor is the prejudice to Davis and Border by granting Allstate's motion to intervene.

{¶ 98} "Where intervention of right is at issue, greater consideration may be given to the possible prejudice to the intervenor as against the delay or prejudice to the original parties in adjudicating their rights and liabilities."[24] This is because a different standard applies regarding the timeliness inquiry depending on whether the intervenor was seeking permissive intervention or intervention of right.[25] Thus, "[w]here an intervenor has a right to intervene, the scales tip in favor of allowing intervention despite the existence of conditions that might otherwise militate against intervention, including timeliness."[26]

{¶ 99} In its motion to intervene, Allstate specifically stated that it would not seek a continuance of the already scheduled trial date. Allstate sought to accommodate the court's schedule. In its motion to intervene, Allstate asserted that its participation could be limited to the submission of jury interrogatories. As such, the only additional issues for the jury to consider would be related to

---

24. *Krancevic v. McPherson*, 2004-Ohio-6915, 2004 WL 2931012, at ¶ 8, citing *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 159, 14 O.O.3d 125, 396 N.E.2d 491.

25. *HER, Inc. v. Parenteau*, 153 Ohio App.3d 704, 2003-Ohio-4370, 795 N.E.2d 720, at ¶ 14.

26. Id., citing *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010 and *Fouche v. Denihan* (1990), 66 Ohio App.3d 120, 583 N.E.2d 457.

Border's mental state when he struck Davis. Appellee argues that the trial date would have had to be continued due to Allstate's proposed filing of an intervening complaint and cross-claim regarding a declaration on certain coverage issues. However, "the trial court could have easily limited appellant's intervention to submission of jury interrogatories and conditioned appellant's intervention upon no continuances in its favor. The existing parties would thus not be prejudiced by the granting of appellant's motion." [27]

{¶ 100} In weighing the potential prejudice to the parties against Allstate's right to intervene, Allstate should have been permitted to intervene. Allstate's interest in the matter affected a substantial right, in that it would be bound by the jury's verdict in the underlying action.[28] Conversely, the prejudice to the remaining parties would be relatively minimal, as the only new issues would relate to Border's mental state.

{¶ 101} Finally, the jury trial was held when the trial court was divested of jurisdiction. Therefore, the results of the jury trial are void.[29] Since the trial court should be required to set this matter for a new jury trial, the prejudice to the other parties by allowing Allstate to intervene would be nonexistent.

{¶ 102} The final factor is whether there are any unusual circumstances relevant to the issue of intervention. As the Eighth District noted, an insurance company is in a unique position in a case like this.[30] While it has a duty to defend its insured, this is typically done by providing independent counsel to represent the insured. Obviously, the insurance company would prefer a verdict in favor of its insured.[31] Alternatively, however, if liability is to be assigned to the insured, the insurance company would prefer a finding that the insured acted intentionally, thereby precluding coverage under the insurance policy.[32]

{¶ 103} Accordingly, an insurance company may initially provide an independent attorney to represent its insured. If, as the case develops, it appears that the insurance company's interests are the same as those of its insured, it may not be necessary for the insurance company to intervene as a separate party. If,

---

27. *Tomcany v. Range Constr.*, 11th Dist. No. 2003–L–071, 2004-Ohio-5314, 2004 WL 2801671, at ¶ 45.

28. *Krancevic v. McPherson*, supra, at ¶ 6, citing *Howell v. Richardson*, paragraph one of the syllabus.

29. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, at ¶ 15.

30. *Krancevic v. McPherson*, 2004-Ohio-6915, 2004 WL 2931012, at ¶ 6–7.

31. Id. at ¶ 7.

32. Id.

however, as occurred in this matter, it becomes evident that the interests of the insurance company and those of the insured may be in conflict, the insurance company may seek to intervene in the case to protect its interests. As stated by this court:

{¶ 104} "While [the insurance company] could have sought intervention at an earlier stage in the proceedings, intervention would presumably have been unnecessary if, for instance, a settlement was reached * * *. Further, the earlier stages of litigation, including pleading practice, motion practice, discovery, and court appearances, did not impede appellant's interests. Appellant's intervention from day one * * * would have accomplished nothing but increasing appellant's attorney fees and costs." [33]

{¶ 105} In conclusion, Allstate sought intervention as of right pursuant to Civ.R. 24(A). While this was done only two weeks prior to the scheduled trial date, the record reveals that Allstate may not have become aware of its interest until that time; the other parties, at most, would have been minimally prejudiced; Allstate sought to limit its participation to submitting interrogatories; Allstate had a unique position in this matter; and the fact that Allstate would be bound by a determination of Border's mental state in the jury trial all weigh in favor of finding that Allstate's motion to intervene was timely.

{¶ 106} The judgment of the trial court should be reversed, and this matter should be remanded for the trial court to reset this matter for a new jury trial, where Allstate is permitted to participate.

---

33. *Tomcany v. Range Constr.*, 11th Dist. No. 2003–L–071, 2004-Ohio-5314, 2004 WL 2801671, at ¶ 44.