[Cite as *State v. Williams*, 2024-Ohio-788.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

LOUIS J. WILLIAMS, JR.,

        Defendant-Appellant.

**CASE NO. 2023-G-0020**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 C 000193

## O P I N I O N

Decided: March 4, 2024
Judgment: Appeal dismissed

*James R. Flaiz*, Geauga County Prosecutor, and *Christian A. Bondra*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*R. Robert Umholtz*, Geauga County Public Defender and *Paul J. Mooney,* Chief Assistant Geauga County Public Defender, 211 Main Street, Chardon, OH 44024 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Louis J. Williams, Jr. ("Williams"), appeals the order of the Geauga County Court of Common Pleas requiring him to pay restitution in the amount to $4,039.45, as a part of his plan for intervention in lieu of conviction ("ILC"). For the following reasons, this appeal is dismissed.

{¶2} On February 1, 2023, Williams pled guilty to theft of an ATV from Just for Fun Honda. The trial court granted treatment in lieu of a conviction. On March 1, 2023, a separate restitution hearing was held. According to transcripts of the hearing, on January

8, 2021, Williams entered Just for Fun Honda and purchased an ATV. Williams split payment between two credit cards to make the purchase. Shortly afterwards, Just for Fun Honda's credit card processing company informed them that the purchase had been subject to a chargeback. Just for Fun Honda refuted the chargeback but was denied payment for the cost of the ATV, which was $3,940.92. Brian Haueter ("Haueter"), the General Manager of Just for Fun Honda, testified that the processing fees lost on the transaction totaled $98.53.

{¶3} Williams' request for intervention in lieu of conviction was granted on February 6, 2023. The order stated:

> [It is therefore ordered] that all criminal proceedings against the defendant be and they are hereby stayed and that defendant shall serve a two (2) year period of rehabilitation/probation pursuant to the intervention plan approved by the Court. In addition, the Court ordered the defendant comply with the conditions of probation as determined by the Court of Common Pleas and journalized March 7, 2019 and on the following additional conditions:
>
> 1. Defendant shall obey the laws of the State of Ohio and the United States.
>
> 2. Defendant shall not leave the State of Ohio without the permission of the court or his supervising officer.
>
> 3. Defendant shall not possess nor consume any alcohol or drugs unless prescribed by a M.D., D.O. or dentist.
>
> 4. Defendant shall not enter bars or places where alcohol is served as a primary source of income.
>
> 5. Defendant shall gain and maintain full-time employment.
>
> 6. Defendant shall submit to random alcohol/drug testing by means of breath, blood or urine sample.
>
> 7. Defendant shall pay a supervision fee of $300.00.

2

8. Defendant shall follow Dr. Michelson's recommendations in the ILC report.

{¶4} Shortly after these conditions are listed, the order states: "The restitution hearing shall be set for Wednesday, March 1, 2023 at 1:30 PM by way of a separate notice."

{¶5} In an order filed May 10, 2023, Williams was ordered to pay the aggregate total of Just for Fun's losses amounting to $4,039.45 in restitution.

{¶6} During the restitution hearing, Haueter testified that Just for Fun Honda has insurance that covers theft offenses, and that they did not file a claim. The trial court allowed the parties to brief the issue of whether there is a requirement that a victim file a claim if insurance coverage exists prior to filing a restitution order.

{¶7} In the May 10, 2023 order, the trial court stated, "The law is clear that if the victim makes an insurance claim, the amount of restitution is required to be reduced by amount covered by insurance. The issue before this Court in this matter is whether the victim's right to recovery is limited, where the victim chooses not to submit a claim to insurance. * * * [T]his Court does not find any authority that requires the victim to make a claim against its insurance."

{¶8} Williams timely appealed the order of the trial court and raised the following assignment of error: "The trial court erred in ordering defendant-appellant to pay restitution without having the proper evidence." He also presented the following issue for review: "Did the trial court error [sic] in ordering [d]efendant-[a]ppellant to pay restitution without considering the amount that could have been covered by the victim's insurance?"

{¶9} This matter was submitted on the briefs on November 28, 2023. On December 6, 2023, this Court issued a show cause order regarding whether the entry at

3

issue in this appeal is a final appealable order. While Appellant was granted additional time to file a response to the order, appellant did not file a supplemental brief or other responsive filing.[1]

{¶10} An appellate court's jurisdiction is limited to review of final orders and judgments that are appealable. *Davis v. Border*, 170 Ohio App.3d 758, 2007-Ohio-692, 869 N.E.2d 46, ¶ 10 (11th Dist.), citing *Klein v. Bendix-Westinghouse Automotive Air Brake Co.*, 13 Ohio St.2d 85, 86, 234 N.E.2d 587 (1968).

{¶11} "To be final and appealable, an order must comply with R.C. 2505.02 * * *. R.C. 2505.02 provides: 'An order is a final order * * * when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) An order that affects a substantial right made in a special proceeding * * *.'" *Davis* at ¶ 11.

{¶12} R.C. 2951.041 gives the court discretion to grant an offender ILC if the statutory requirements are met.

{¶13} R.C. 2951.041(D)(3) provides:

> The terms and conditions of the intervention plan required under division (D)(2) of this section shall require the offender, for at least one year, but not more than five years, from the date on which the court grants the order of intervention in lieu of conviction, to abstain from the use of illegal drugs and alcohol, to participate in treatment and recovery support services, and to submit to regular random testing for drug and alcohol use and may include any other treatment terms and conditions, or terms and conditions similar to community control sanctions, *which may include community service or restitution*, that are ordered by the court.

(Emphasis added.)

---

1. Appellant's response was due on or before January 25, 2024.

Case No. 2023-G-0020

{¶14} Here, the trial court ordered Williams to pay restitution as a part of his ILC plan, pursuant to the provisions of R.C. 2951.041(D)(3). The Supreme Court of Ohio has noted that Ohio appellate courts have held that a decision granting ILC is not appealable by a defendant under R.C. 2505.02(B)(1) or (2). *State v. Yontz*, 169 Ohio St.3d 55, 2022-Ohio-2745, 201 N.E.3d 867, ¶ 18. "Under an ILC order * * * the proceedings are stayed pending a defendant's successful completion of the terms of ILC. * * * Consequently, an order granting ILC does not contain a conviction or a sentence, and, therefore, the criminal case is not yet complete while a defendant is subject to the terms of ILC" *Id.,* citing *State v. Slack*, 2d Dist. Montgomery No. 28921, 2021-Ohio-974, ¶ 4.

{¶15} The question then becomes, is an order of restitution as a condition of an ILC plan a final appealable order for purposes of R.C. 2505.02?

{¶16} While the issue of whether a restitution order as a condition of an ILC plan affects a substantial right for purposes of R.C. 2505.02 has not been directly addressed in the Eleventh District, Ohio appellate courts have held that such an order is not final and appealable. *See State v. Bellman*, 9th Dist. Lorain No. 15CA010525, 2015-Ohio-2303, ¶ 10, and *Slack*, 2021-Ohio-974, ¶ 16; *but see State v. Weldon*, 12th Dist. Warren No. CA2011-01-005, 2011-Ohio-4345 (appellate court reviewed an order appealing restitution as part of an ILC plan without mentioning finality of the order).

{¶17} Here, in its discretion, the trial court granted Williams ILC, staying the underlying criminal proceeding. An order of restitution was issued as a requirement of his intervention plan. As such, his underlying conviction is not final, and thus, the order of restitution is not a final appealable order. Consistent with the Ohio courts' decisions noted above, we decline to address this appeal for its lack of finality under R.C. 2505.02.

5

{¶18} For the foregoing reasons, this appeal is dismissed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

6