[Cite as *Fougere v. Estate of Fougere*, 2017-Ohio-7905.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas Arthur Fougere, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-72 |
| v. | : | (C.P.C. No. 15CV-5856) |
| The Estate of Arthur Fougere et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 28, 2017

**On brief:** *Carlile Patchen & Muphy LLP*, and *Carl A. Aveni*, for appellant. **Argued:** *Carl A. Aveni*.

**On brief:** *Thomas Arthur Fougere*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Thomas Arthur Fougere, appeals a judgment of the Franklin County Court of Common Pleas that denied Fougere's motion for a new trial. Because we lack jurisdiction over this appeal, we dismiss it.

{¶ 2} On July 10, 2015, Fougere filed suit against defendants-appellees, the estate of Arthur Fougere and estate administrator Robert B. Barnett, Jr. In the complaint, Fougere sought to recover money due to him on a promissory note executed by Arthur Fougere prior to his death. The estate answered the complaint and, shortly thereafter, began its attempts to depose Fougere.

{¶ 3}   On April 15, 2016, Fougere moved for summary judgment.  In response, the estate moved for a continuance pursuant to Civ.R. 56(F).  In the Civ.R. 56(F) motion, the attorney for the estate stated that he had yet to depose Fougere and needed to do so prior to responding to Fougere's motion for summary judgment.  According to the attorney, Fougere had failed to appear for a noticed deposition and would not reply to the attorney's attempts to schedule another deposition.  In addition to requesting a continuance, the attorney also sought an order requiring Fougere to submit to a deposition at the courthouse on a date certain.

{¶ 4}   In an entry issued May 18, 2016, the trial court granted the estate a Civ.R. 56(F) continuance and ordered Fougere to appear at the courthouse for a deposition on June 20, 2016.  The trial court also amended the case schedule to allow time for the deposition, further briefing on the motion for summary judgment, and a ruling on the motion.  As part of the amendments, the trial court rescheduled the final pre-trial conference for October 20, 2016.

{¶ 5}   Fougere did not show up for his June 20, 2016 deposition.  Because Fougere's nonappearance violated the trial court's May 18, 2016 order, the estate filed a motion requesting the trial court require Fougere to show cause why his action should not be dismissed.  The trial court granted the estate's motion and scheduled a show cause hearing for September 7, 2016.  Fougere appeared at that September 7, 2016 hearing and sat for a deposition.  Having secured the deposition it needed, the estate did not seek any further sanction against Fougere.

{¶ 6}   On October 20, 2016, the estate appeared for the final pre-trial conference, but Fougere did not.  The trial court ordered Fougere to explain in writing why the court did not have good cause to dismiss Fougere's action for lack of prosecution.  Fougere offered two inconsistent explanations for his absence:  (1) he was unaware that the trial court had rescheduled the final pre-trial conference for October 20, even though the May 18, 2016 entry set the conference for that date, and (2) because the trial court had extended deadlines related to the summary judgment briefing, "the possibility of [the hearing occurring seemed] unrealistic in [Fougere's] eyes" and retaining the October 20 date for the pre-trial conference made no "logical sense." (Oct. 27, 2016 Pl.'s Resp. to Order to Show Cause at 1, 3.)

{¶ 7}  The trial court reviewed Fougere's explanations and determined that they did not justify Fougere's failure to attend the final pre-trial conference.  The trial court also concluded that Fougere had exhibited a pattern of dilatory conduct and noncompliance with court orders throughout the litigation.  Therefore, in a judgment dated October 31, 2016, the trial court dismissed Fougere's action under Civ.R. 41(B)(1).

{¶ 8}  Fougere responded to the dismissal with a "Motion for New Trial."  In a judgment issued on December 28, 2016, the trial court denied Fougere's motion.  In relevant part, the trial court concluded that the motion was improper because no trial had occurred prior to the October 31, 2016 judgment.

{¶ 9}  Fougere now appeals from the December 28, 2016 judgment, and he assigns the following errors:

> [1.] The trial court erred and abused its discretion when it denied Appellant's Motion for New Trial, made pursuant to Civ.R. 59(A).
>
> [2.] The trial court erred and abused its discretion by dismissing Appellant's case with prejudice, in violation of Civ.R. 41(B)(1).
>
> [3.] The trial court erred and abused its discretion when it refused to address a fully answered Motion For Summary Judgment due to what appears to be extreme bias either for Defendant and/or against Plaintiff.

{¶ 10} We begin and end our review of Fougere's appeal with an examination of whether Fougere timely filed his notice of appeal.  "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A).  If an appellant fails to meet the timing requirements of App.R. 4, the court of appeals lacks jurisdiction to hear the appeal.  *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17.  A court of appeals without jurisdiction must dismiss the appeal, since the court does not have the power or authority to review the issues involved.  *Ahmed v. McCort*, 7th Dist. No. 02 BA 8, 2003-Ohio-6002, ¶ 11.

{¶ 11} Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  The timing requirement of App.R. 4(A)(1) is subject to App.R. 4(A)(3), which provides that, "[i]n a civil case, if the clerk has not completed service of the

order within the three-day period prescribed in Civ.R. 58(B), the 30-day period[ ] * * * begin[s] to run on the date when the clerk actually completes service." Thus, the clerk's failure to complete service within three days of a final order's entry tolls the 30-day appeal period until service is accomplished. On the other hand, if the clerk timely complies with Civ.R. 58(B), then the 30-day appeal period begins to run on the date of the final order's entry.

{¶ 12} App.R. 4(B) sets forth some exceptions to the timing requirements of App.R. 4(A). Of relevance to this appeal, under App.R. 4(B)(2)(b), if a party files a "timely and appropriate" motion for a new trial under Civ.R. 59, "then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving" the motion. Importantly, in order for a party to benefit from the tolling effect of App.R. 4(B)(2)(b), the motion for a new trial cannot be untimely filed or inappropriate under the circumstances. *See Besman v. Leventhal*, 8th Dist. No. 104414, 2017-Ohio-464, ¶ 13 (refusing to apply the App.R. 4(B)(2)(b) exception because the appellant's motion for a new trial was inapplicable to the type of proceeding pending before the trial court); *Citibank (South Dakota) N.A. v. Abu-Niaaj*, 2d Dist. No. 2011 CA 45, 2012-Ohio-2099, ¶ 9 (holding that an untimely motion for a new trial did not extend the 30-day period for appealing a final order).

{¶ 13} Here, the trial court entered a final order dismissing Fougere's action on October 31, 2016. The Franklin County Clerk of Courts served notice of that order on the parties and noted the service in the docket on the same date. The clerk, therefore, served the order as required by Civ.R. 58(B). Thus, under App.R. 4(A), Fougere had 30 days from October 31, 2016 (i.e., until November 30, 2016) to file a notice of appeal. As Fougere did not file his notice of appeal until January 27, 2017, he missed the deadline for filing unless the App.R. 4(B)(2)(b) exception applies and extends that deadline.

{¶ 14} Conceivably, Fougere could rely on the App.R. 4(B)(2)(b) exception because he filed a "Motion for New Trial." However, labelling a filing as a motion for a new trial does not automatically mean that the filing extends the time for initiating an appeal. *Ahmed*, 7th Dist. No. 02 BA 8, 2003-Ohio-6002, at ¶ 14. A motion for a new trial is a nullity unless it is filed after a trial has occurred. *State ex rel. Batten v. Reece*, 70 Ohio St.2d 246, 248 (1982); *accord Wolf-Sabatino v. Sabatino*, 10th Dist. No. 12AP-307, 2012-

Ohio-6232, ¶ 13 (holding that "a motion for a new trial properly lies only after a trial"). A proceeding is a trial for Civ.R. 59 purposes when the indicia of trial substantially predominate in the proceeding. *First Bank v. Mascrete, Inc.*, 79 Ohio St.3d 503, 507 (1997). Those indicia include: (1) whether pleadings initiated the proceeding, (2) whether the proceeding took place in court, (3) whether a judge or magistrate was present and presided over the proceeding, (4) whether the parties or their counsel were present, (5) whether the parties or counsel introduced evidence, (6) whether the parties or counsel presented arguments in court, (7) whether a judge or magistrate decided issues of fact, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, and (9) whether a judgment was rendered on the evidence. *Id.*

{¶ 15} After considering the above indicia, courts have found motions for new trials appropriate where there has been an in-court hearing succeeded by a judgment ruling on the issues argued and evidence heard at the hearing. *Id.* at 506-08; *Wolf-Sabatino* at ¶ 14. Here, however, no such hearing occurred. The October 31, 2016 dismissal resulted after the trial court ordered Fougere to explain in writing why the court did not have good cause to dismiss his action and Fougere complied with that order. Thus, there was no proceeding in court before a neutral adjudicator where the parties or counsel offered argument or sworn evidence. Moreover, the issue the trial court decided in the October 31, 2016 judgment was not initiated by the pleadings and was ancillary to the primary dispute between the parties. Accordingly, we conclude that no trial occurred here, and consequently, Fougere could not file a legitimate motion for a new trial.

{¶ 16} Because Fougere's motion for a new trial was inappropriate, the filing of that motion does not toll the 30-day appeal period. Therefore, Fougere failed to timely initiate his appeal, and his failure deprives this court of jurisdiction. We thus dismiss this appeal.

*Appeal dismissed.*

SADLER and HORTON, JJ., concur.

———————