[Cite as *Shepherd v. Shepherd*, 2018-Ohio-1037.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| Daniel R. Shepherd, | : | |
| Plaintiff-Appellant, | : | No. 17AP-436 |
| v. | : | (C.P.C. No. 16DR-1961) |
| Cynthia M. Shepherd, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 20, 2018

**On brief:** *The Tyack Law Firm Co., LPA*, and *Thomas M. Tyack*, for appellant. **Argued:** *Thomas M. Tyack*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

SADLER, J.

{¶ 1} Plaintiff-appellant, Daniel R. Shepherd, appeals from a judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying appellant's motion for new trial. For the following reasons, we affirm the decision of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and appellee were married on November 27, 1981. On May 13, 2016, appellant filed a complaint of divorce in the Franklin County Court of Common Pleas, Division of Domestic Relations. On May 24, 2016, appellee filed an answer and counterclaim for divorce, as well as a motion and affidavit for temporary orders.

{¶ 3} On July 22, 2016, a magistrate's order designated appellee as the temporary residential parent and legal custodian of the two minor children, allocated appellant

parenting time, set a temporary payment amount for appellant to pay appellee, and indicated that child and spousal support and arrearage, fees, and expenses will be addressed "at final." (July 22, 2016 Mag.'s Order at 1.) After several continuances, the record shows that a hearing on temporary orders and "possible settlement" was scheduled for August 30, 2016. (July 19, 2016 Mot. for Continuance at 1.) An "agreed entry" signed by both parties and filed that same day states:

> The parties shall immediately list the marital residence for sale. [Appellee] shall contact an agent to inspect [and] list the house. Both parties shall have access to speak with the agent. The parties shall defer to the agent as to listing price and acceptance of any offer. No offer within 3% of the listing price shall be refused. Any liability or profit shall be equally divided by the parties at closing. The parties shall equally divide all realtor fees, closing costs, etc.
>
> [Appellant] shall lay new carpeting on the stairs and pick up his tools at the same time. This shall be done within 17 days of this entry.

(Aug. 30, 2016 Agreed Entry at 1.)

### October 26, 2016 Divorce Settlement Memorandum

{¶ 4} A hearing on settlement was ultimately held on October 26 and 27, 2016. On October 26th, the parties and their respective counsel appeared before the trial court judge; the record does not establish where the hearing occurred. The parties indicated settlement negotiations were almost complete and asked for "guidance from the Court" on one issue that remained to be settled. (Oct. 26, 2016 Hearing Tr. at 2.) The trial court did not make findings of fact on that issue.

{¶ 5} Both parties, their attorneys, and the judge signed a Divorce Settlement Memorandum ("settlement memorandum") dated October 27, 2016. In the settlement memorandum, the parties agreed to divorce on the ground of incompatibility, that appellee would have residential and legal custody of the minor children, and that the parties would adhere to a certain parenting time schedule with mandatory counseling between the children and appellant. Appellant agreed to pay a specific amount of child support, provide private health insurance for the benefit of the children, and split the cost of the children's extra medical and health expenses and extra-curricular activities.

{¶ 6}   The settlement memorandum further indicated that appellant is obligated to pay appellee $867 in total spousal support per month with termination on "death of either party."  (Divorce Settlement Memo. at 3.)  The box approving continuing jurisdiction over spousal support is checked "yes" with an asterisk corresponding to a note that "shall be a lifetime award, subject to modification on amount, not duration."  (Divorce Settlement Memo. at 3.)

{¶ 7}   Under property division allocation, the settlement memorandum states:

> Parties to list residence for sale immediately "as is".  Parties shall defer to recommendation of agent for both listing [and] selling prices.  Parties to equally share in equity at closing.  No offer [within] 3% of asking price shall be refused.  [Appellant] shall install carpeting in marital residence [and] pick up his tools, both [within] 14 days of today.

(Emphasis sic.)   (Divorce Settlement Memo. at 3.)   The parties agreed to divide all household goods and furniture equally within 30 days, with counsel exchanging a list of what appellant requests and working with the parties to facilitate the division.  Each party retained their own bank account, appellee maintained her OPERS and social security and 50 percent of the marital portion of appellant's Ohio Public Employees Retirement System ("OPERS") account, offset by appellee's social security as to be determined by a third-party pension evaluator paid by appellant.  Appellee received 50 percent, at least $9,500, from appellant's deferred compensation, while appellant retained all other funds.  The box indicating "parties agree property division is equitable and waive their rights to written findings of fact" is checked.  (Divorce Settlement Memo. at 4.)

{¶ 8}   The settlement memorandum further indicates that each party keeps debts in their own name and pays half the cost of the residence mortgage until it is sold.  The parties agreed to begin to file taxes separately beginning in 2016, and appellant "shall take [one of the children] as an income tax deduction every year so long as he is substantially current on his child support obligation."  (Divorce Settlement Memo. at 5.)

{¶ 9}   Under a section of the settlement memorandum entitled "preservation and nonmerger of the following temporary orders," two documents are indicated: the August 30, 2016 agreed entry and the July 22, 2016 magistrate's order.   (Divorce Settlement Memo. at 5.)   Furthermore, the settlement memorandum indicates that

appellee's attorney would prepare the final decree within 30 days, and next to the question "[d]o parties waive signatures on the final Decree," the box for "yes" is checked. (Divorce Settlement Memo. at 5.) Both parties, their attorneys, and the judge signed the settlement memorandum.

{¶ 10} The following day, October 27, 2016, the parties and their counsel appeared before the judge in a courtroom. Appellant and appellee were sworn in as witnesses. After first testifying that he had been "badgered" about signing the settlement memorandum, appellant confirmed for the court that he had signed the settlement memorandum and wished it to be incorporated as part of the final decree and further waived findings of fact from the court as far as assets. (Oct. 27, 2016 Hearing Tr. at 5-6.) Appellee likewise testified as to signing the settlement memorandum and wishing it to be incorporated into the final decree. The trial court then granted the parties a divorce based on the divorce settlement memorandum and the parties' testimonies and indicated that the terms of the settlement memorandum would become the final orders on submission of a typewritten decree.

### February 6, 2017 Agreed Judgment Entry - Decree of Divorce

{¶ 11} On January 18, 2017, appellant's counsel moved to withdraw as counsel. The trial court granted counsel permission to withdraw on January 23, 2017. On February 6, 2017, the trial court filed an Agreed Judgment Entry - Decree of Divorce ("divorce decree") granting the parties a divorce and finding "the parties have reached an agreement as to all pending matters; that said agreement is fair, just, and that, by reason thereof, it is to be made an Order of the Court." (Agreed Judgment Entry - Decree of Divorce at 2.)

{¶ 12} In part pertinent to this appeal, the divorce decree states:

### C. Income Tax Deduction –

For so long as [appellant] is substantially current (not more than 2 months behind) on his child support obligation, [appellant] shall have the right to claim [oldest minor child] as a dependent for all federal, state and local income tax[es] * * *.

If [appellant] is not substantially current (not more than 2 months behind) on his child support obligation at the end of any tax year, the [appellee] shall be entitled to the right to also claim [oldest minor child] as a dependent for all federal, state and local income tax purposes that tax year.

\* \* \*

## 2. <u>Spousal Support</u>

Beginning October 26, 2016, [appellant] shall pay to [appellee] as and for spousal support, the sum of \* \* \* per month, plus processing, for a total of \* \* \* per month. [Appellant's] spousal support obligation shall continue for life and shall terminate upon the death of [appellant] or the death of [appellee].

\* \* \*

The Court shall retain jurisdiction over the amount of the spousal support order and shall not retain jurisdiction over the duration of the spousal support order.

## 3. <u>Waiver of Valuation</u>

Notwithstanding that the parties have been advised of their right to have each item of property valued for the purpose of equal distribution, each of them hereby accordingly, voluntarily, and expressly waives such valuation and written findings of fact pursuant to Ohio Revised Code § 3105.171(B) and (G) and agrees that the distribution of their real and personal property, as well as the allocation of all debts, liabilities and other obligations, while not precisely equal is in fact equitable and in accordance with their intentions and to the mutual satisfaction of each of them. The parties further knowingly and voluntarily waive a determination as to whether said property, or any part thereof, is separate or marital property as said terms are defined in Ohio Revised Code § 3105.171(A).

## 4. <u>Division & Allocation of Marital Property</u>

All property, real and personal, and wherever situated, which the parties own separately, or jointly, or in common with each other, or in which either party has any interest or control, shall be divided *as follows*:

### A. Real Estate -

* * *

Prior to listing the house for sale, [appellant] <u>shall</u> install carpeting in the marital residence and pick up his tools, both no later than November 10, 2016.  Immediately thereafter, the parties shall list the property for sale with a Realtor.  The parties shall consult with and rely upon the Realtor for the initial listing and selling price and shall defer to any recommendations of the Realtor for price adjustments and the parties shall certainly not reject any offer that is within 3% of the listing price.

Pursuant to the parties' August 30, 2016 Agreed Entry, which has been merged into this Decree, upon the sale and closing of the Marital Residence, any liability or equity shall be equally divided by the parties.  The parties shall equally divide all realtor fees, closing costs, etc.

* * *

### 5.  <u>Advice of Counsel</u>

Both parties acknowledge that they had the right and opportunity to seek advice of legal counsel of their own selection free from any interference from the other and that both parties have freely, knowingly and intelligently signed this document and agree to its terms and conditions.

* * *

### 9.  <u>Preservation of Temporary Orders</u>

The parties hereby merge the August 30, 2016 and July 22, 2016 Magistrate Orders into this final Decree and maintain their terms as fully enforceable, unless otherwise modified herein.

* * *

### 11.  <u>Effective Date</u>

This Decree shall be effective as of October 26, 2016.  The parties waived signatures on this final Decree by way of the Divorce Settlement Memorandum prepared on October 26,

2016 as well as the testimony submitted to the Court on
October 27, 2016.

(Emphasis sic.)  (Agreed Jgmt. Entry – Decree of Divorce at 5, 11-13, 16-18.)  The divorce decree indicates "Signature waived on MOA" on the signature lines for both appellant and appellee.  (Agreed Jgmt. Entry – Decree of Divorce at 18.)  Appellee's attorney signed separately, and appellant's signature block indicates a pro se status.

{¶ 13}  New counsel for appellant filed a notice of appearance on February 7, 2017. On March 2, 2017, appellant filed a motion for new trial, pursuant to Civ.R. 59(A)(1), (3), (6), (7), and (9), and in the sound discretion of the court for good cause shown.  In his motion for new trial, appellant contended:

A series of matters have taken place in the processing of this case mandating that the Judgment Entry be vacated and the matter be remanded and undertaken for additional consideration and proceedings, including taking evidence with regard to the circumstances, mandating that this judgment be set aside and permitting additional evidence to be taken as provided in the last paragraph of Rule 59 since the "judgment" is not the product of a jury trial.

(Mar. 2, 2017 Mot. for New Trial at 2.)

{¶ 14}  The trial court denied appellant's motion on May 26, 2017.  In doing so, the trial court found that no "trial" had occurred in the case for purposes of Civ.R. 59 since the parties entered into a settlement memorandum, no evidence was submitted to the court, no arguments or testimony was given as to assets, liability, or parental rights, and the court did not make findings of fact or issue a decision based on evidence.  (May 26, 2017 Decision at 3.)  The trial court additionally found no reason to grant a new trial in its discretion and found no irregularity of the proceedings or any other grounds that would lead the court to believe the divorce decree should be vacated.  (May 26, 2017 Decision at 3.)  However, the trial court did find that the third full paragraph of section 4.A. of the divorce decree, regarding appellant's obligation to install carpeting in the martial residence and the parties agreement to list the property for sale and rely on a realtor, misstated the parties' agreement and ordered that paragraph replaced with the exact language provided in the settlement memorandum.

{¶ 15}  Appellant filed a timely appeal to this court.

## II.  ASSIGNMENT OF ERROR

{¶ 16} Appellant presents one assignment of error:

THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR A NEW TRIAL GIVEN THE DISPARITY BETWEEN THE MEMORANDUM OF AGREEMENT AND THE AUGUST 30TH COURT ORDER AND THE JUDGMENT ENTRY PREPARED BUT NOT SUBMIT[T]ED TO THE PLAINTIFF OR TO HIS FORMER COUNSEL BEFORE BEING SUBMITTED TO THE TRIAL COURT WHICH THE COURT THEN SIGNED.

## III.  DISCUSSION

{¶ 17} Under his sole assignment of error, appellant contends the trial court erred in denying the Civ.R. 59(A) motion for new trial considering what he alleges to be inconsistencies between what appellant understood to be the terms of the settlement memorandum and the divorce decree and considering the divorce decree was allegedly not submitted to appellant or counsel prior to being submitted to the court.  For the following reasons, we disagree.

{¶ 18} Civ.R. 59(A) states, in pertinent part, "[a] new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:"

(1) Irregularity in the proceedings of the court * * * or prevailing party, or any order of the court * * *, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

* * *

(3) Accident or surprise which ordinary prudence could not have guarded against;

* * *

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

(7)  The judgment is contrary to law;

* * *

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.

* * *

On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment.

{¶ 19} "As a general matter, Civ.R. 59 does not require the trial court to grant a new trial, but allows the court discretion to decide whether a new trial is appropriate." *Wolf-Sabatino v. Sabatino*, 10th Dist. No. 12AP-307, 2012-Ohio-6232, ¶ 12, citing *Alderman v. Alderman*, 10th Dist. No. 10AP-1037, 2011-Ohio-3928, ¶ 11. "An appellate court will not reverse a decision whether to grant a new trial absent an abuse of discretion." *Wolf-Sabatino* at ¶ 12, citing *Thomas v. Columbia Sussex Corp.*, 10th Dist. No. 10AP-93, 2011-Ohio-17, ¶ 16. However, issues of law are reviewed de novo. *Tipton v. Goodnight*, 4th Dist. No. 05CA7, 2006-Ohio-113, ¶ 7.

{¶ 20} A threshold question in determining whether a new trial, pursuant to Civ.R. 59, is warranted is whether the trial court had in fact conducted a "trial." *Wolf-Sabatino* at ¶ 13 (considering as an initial matter whether a trial was conducted since "a motion for a new trial properly lies only after a trial"); *Fougere v. Estate of Fougere*, 10th Dist. No. 17AP-72, 2017-Ohio-7905, ¶ 14 ("A motion for a new trial is a nullity unless it is filed after a trial has occurred.").

{¶ 21} The Supreme Court of Ohio addressed the meaning of "trial" for purposes of Civ.R. 59 in *First Bank of Marietta v. Mascrete, Inc.*, 79 Ohio St.3d 503 (1997). In pertinent part, the *Mascrete* court states:

[T]he proper test for determination of whether a proceeding is a trial, subject to a Civ.R. 59 motion for a new trial, is an inquiry that focuses on the substance of the proceeding rather than on its form. A proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in

the proceeding. In deciding whether a proceeding rises to the level of a trial for Civ.R. 59 purposes, courts should consider the nature of the individual proceeding.

A list of relevant indicia may include (1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence.  The list of factors is not intended to be exhaustive.  Other indicia may be considered.  The focus of the inquiry, however, is whether there is a substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial for Civ.R. 59 purposes.

*Id.* at 507.

{¶ 22} Under the *Mascrete* analysis, a judgment entry and divorce decree that is the result of a settlement agreement reached between the parties does not generally constitute a trial for purposes of Civ.R. 59.  *Byrd v. Mickens-Byrd*, 10th Dist. No. 01AP-946, 2002-Ohio-2579, ¶ 27-30 (finding no error in the trial court's application of the *Mascrete* factors and conclusion that no trial occurred where the trial court incorporated the parties' agreement into the divorce decree); *Diguilio v. Diguilio*, 8th Dist. No. 81860, 2003-Ohio-2197, ¶ 36-41 (noting the appellant was attempting to obtain an additional trial to revisit issues that were resolved in the settlement agreement reached by the parties and by improperly referencing alleged conversations outside the record).  Proceedings in which the court inquires into the parties' assent to the terms and overall fairness of an out-of-court settlement reached by the parties do not rise to the level of a "trial" for purposes of Civ.R. 59.  *Id.* at ¶ 39.

{¶ 23} Here, appellant argues the divorce decree varies from the terms of the settlement memorandum.  As variances, appellant points to language in the divorce decree that (1) the only basis for termination of spousal support is the death of either party, (2) if appellant was specifically two months behind on his child support for the tax year he could

not claim a child as a tax exemption, (3) appellant shall install carpeting in the marital residence (rather than indicating just installing carpet on the stairs in accordance with the August 30th memorandum), (4) "in essence awards all of the household goods and furnishings * * * to [appellee]" rather than a 50-50 split as agreed to in the settlement memorandum, and (5) inserted an additional phrase that the parties waive determination as to whether the certain property is separate or marital property.  (Appellant's Am. Brief at 6.)   Appellant additionally asserts the divorce decree was not seen or reviewed by appellant or his counsel prior to the trial court signing it.

{¶ 24} Appellant emphasizes the trial court, in overruling the motion for new trial, did not rule on or discuss the variations between the settlement memorandum and the divorce decree "that it signed without it being seen or reviewed by either [appellant] or his counsel." (Appellant's Am. Brief at 11.)  Appellant thus argues the motion for new trial was filed in part "to give the court an opportunity to change the [divorce] decree" to correct the variances under the last paragraph of Civ.R. 59, which permits a trial court to open the judgment in an action tried without a jury to take additional testimony, amend or make new findings of fact and conclusions of law, and enter a new judgment.  (Appellant's Am. Brief at 12.)

{¶ 25} Appellant's assignment of error and supporting arguments essentially contest the merits of a new trial without first establishing that a trial had occurred to invoke Civ.R. 59 as the proper mechanism to resolve these alleged errors.  As provided above, cases involving divorce decrees formed from settlement agreements generally do not involve a "trial" under the analysis established by *Mascrete*.  Aside from citing to the basic rule of *Mascrete*, appellant provides no argument or legal authority for why, despite the settlement agreement, a proceeding has occurred in this case with indicia of a trial that substantially predominate per *Mascrete*.  As such, appellant has not met his burden to affirmatively demonstrate error on appeal.  *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 11; *see also* App.R. 16(A); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22, quoting *Cardone v. Cardone*, 9th Dist. No. 18349 (May 6, 1998) (" 'If an argument exists that can support this assignment of error, it is not this court's duty to root it out.' "); *Abraham v. BP Exploration & Oil, Inc.*, 149 Ohio App.3d 471, 2002-Ohio-4392, ¶ 32 (10th

Dist.) ("It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error.").

{¶ 26} To the extent appellant argues the trial court should have granted a new trial in its discretion anyway, pursuant to the last paragraph of Civ.R. 59(A), this argument is both unsupported in law and on this record. The last paragraph of Civ.R. 59(A) reads "[o]n a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment." Appellant has not provided authority showing this paragraph is immune from the threshold requirement that the trial court conducted an initial "trial" in order for a new trial under Civ.R. 59(A) to be proper. *Wolf-Sabatino* at ¶ 13; *Fougere* at ¶ 14. Regardless, even had an initial trial occurred, after reviewing the settlement memorandum and the decree of divorce, we disagree with appellant that the variances as alleged by appellant warrant a new trial. Appellant has not established that the trial court abused its discretion in declining to order a new trial on this record as an alternative basis to deny appellant's motion. Therefore, considering all the above, appellant's assignment of error lacks merit.

{¶ 27} Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 28} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
HORTON, J., dissents.

HORTON, J., dissenting.

{¶ 29} I respectfully dissent. I believe the trial court committed plain error to the prejudice of appellant when it adopted the February 6, 2017 Agreed Judgment Entry - Decree of Divorce which contained several inconsistencies to the parties' Divorce Settlement Memorandum entered on October 26, 2016. The trial court's attempt to correct one of a few errors contained in the Decree by its May 26, 2017 Entry was insufficient.

Appellant, nor his counsel, signed the "agreed" entry.  In light of the multiple errors and issues involved with this case, I would reverse the matter for further proceedings.

_____