[Cite as *Yu v. Ohio State Univ. Med. Ctr. v. Pacific Interpreters, Inc.*, 2018-Ohio-2958.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jianfeng Yu, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | |
| The Ohio State University Medical Center, | : | No. 17AP-850 |
| | : | (Ct. of Cl. No. 2015-00001) |
| Defendant/Third-Party Plaintiff-Appellee, | : | (REGULAR CALENDAR) |
| v. | : | |
| Pacific Interpreters, Inc., | : | |
| Third-Party Defendant-Appellee. | : | |
| | : | |

# D E C I S I O N

## Rendered on July 26, 2018

*Robol Law Office, LLC*, and *Richard T. Robol*, for appellant.

*Michael DeWine*, Attorney *General*, *Jeffrey L. Maloon*, and *Daniel R. Forsythe*, for appellee The Ohio State University Wexner Medical Center.

*Gallagher Sharp LLP*, *Thomas J. Cabral*, and *Colleen A. Mountcastle*, for appellee Pacific Interpreters, Inc.

## ON MOTION TO DISMISS

SADLER, J.

{¶ 1}  Plaintiff-appellant, Jianfeng Yu, appeals from a judgment of the Court of Claims of Ohio granting a motion for summary judgment filed by defendant/third-party

plaintiff-appellee, The Ohio State University Wexner Medical Center ("OSUWMC"). OSUWMC and third-party defendant-appellee, Pacific Interpreters, Inc., have moved to dismiss the appeal on the ground that appellant did not timely file his notice of appeal with the clerk of the Court of Claims. The timeliness question turns on whether we must apply a 5:00 p.m. cutoff time on the last permissible day for this filing or whether we may extend the filing cutoff to midnight. The parties offer competing and irreconcilable rationales for each position.

{¶ 2} App.R. 4(A) requires an appealing party in a civil case to file a notice of appeal within 30 days of the entry of the judgment appealed from or within 30 days of service of the notice of judgment if service of the notice of judgment is not made on the party within the 3-day period provided in Civ.R. 58(B). *Fougere v. Estate of Fougere*, 10th Dist. No. 17AP-72, 2017-Ohio-7905, ¶ 11. App.R. 3(A) specifies that the notice of appeal shall be filed "with the clerk of the trial court within the time allowed by Rule 4." Failure to comply with the filing requirements of App.R. 3 and 4 is a jurisdictional defect that mandates dismissal of the appeal. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶ 3} The Court of Claims entered its judgment on October 27, 2017. Appellant does not assert that the clerk failed to mail notice of the judgment to appellant within three days. Pursuant to App.R. 4, appellant had 30 days from the date of the entry to file his notice of appeal with the clerk of the trial court. Because the 30th day fell on a Sunday, under the rules for computing time set forth in App.R. 14(A), the final day for timely filing was Monday, November 27. On November 27, at 11:45 p.m., appellant attempted to file his notice of appeal through the Court of Claims' electronic filing system. The Court of Claims' electronic filing system logged this attempt to file but rejected it for failure to submit the requisite filing fee. Appellant asserts this rejection was due to a technical malfunction in the system and beyond his control. On the next day, appellant successfully filed his notice of appeal, one day late, with the clerk of the Court of Claims.

{¶ 4} Appellees rely on the rules governing all filings by litigants in the Court of Claims. They point out the Court of Claims, through an administrative rule promulgated under Civ.R. 5(E), set a close-of-business cutoff time for filings submitted via the clerk's electronic filing system:

> A document that passes Clerk Review will be deemed timely filed when submitted prior to 4:59 p.m. Eastern Standard Time on the due date, unless the Hearing Officer has ordered the document filed by an earlier time on that date. All time is calculated as Eastern Standard Time. Documents filed later than 4:59 p.m. Eastern Standard Time shall be deemed to have been filed the following business day.

L.C.C.R. eFiling Adm.R. VIII(B).

{¶ 5} Appellant responds that the local rules of the Franklin County Court of Common Pleas control and that under those rules any filing before midnight on November 27 was timely. To support this proposition, appellant argues that R.C. 2743.20, governing appeals from the Court of Claims, states that such appeals shall be taken "under the same circumstances, as appeals from the court of common pleas of Franklin county, and the same rules of law govern."

{¶ 6} Appellant then points out the e-filing standing order of the Franklin County Court of Common Pleas, General Division, provides that documents submitted to the clerk via e-filing are considered filed on the day they are submitted electronically to the system, so that documents filed at or before 11:59 p.m. are deemed filed on the day in question. E-filing order of the Court of Common Pleas of Franklin County, General Division, Section VIII(E) (effective Mar. 28, 2013).

{¶ 7} If, as appellant asserts, the local filing rules of the Franklin County Court of Common Pleas govern his filing in the Court of Claims, his notice of appeal would be timely if it was properly filed at 11:45 p.m. on the last day for filing.

{¶ 8} This court has already considered and rejected in another case the interpretation proposed by appellant here. *Tod v. Cincinnati State Technical & Community College*, 10th Dist. No. 10AP-656, 2011-Ohio-2743. *Tod*, which predated widespread adoption of e-filing procedures, was also an appeal from the Court of Claims and involved the comparable issue of facsimile filing. We held the Court of Claims, having declined to adopt a rule permitting facsimile filings, was not required to docket an after-hours notice of appeal filed by this means. Addressing the same reasoning that appellant presents here, we noted R.C. 2743.20 does not provide that the actual notice of appeal will be filed with the clerk of the court of common pleas. An inevitable corollary of this is that

the rules and procedures of the clerk of the originating trial court must govern most aspects of filing: "We do not construe R.C. 2743.20 to mean that the local rules promulgated by the Franklin County Court of Common Pleas govern filing procedures in the Court of Claims of Ohio." *Id.* at ¶ 91.

{¶ 9}     *Tod* thus recognizes that it is impractical for this court to impose hours and conditions for the filing of documents in a separately administered trial court.  Even if the advent of electronic filing systems may someday erase many of the functional constraints particular to the different courts, procedural details must remain largely the domain of clerks and administrators tasked with the day-to-day burdens of trial court operations.  The Tenth District currently accepts appeals from the three divisions of the Franklin County Court of Common Pleas (each operating its own clerk's office), from the Franklin County Municipal Court, from the Court of Claims, and from numerous administrative agencies.  Each of these is subject to different budgetary, technological, and staffing environments. This court cannot reasonably impose uniformity by fiat.

{¶ 10} We acknowledge that our holding in this case must be reconciled with the Supreme Court of Ohio's decision in *Louden v. A.O. Smith Corp.*, 121 Ohio St.3d 95, 2009-Ohio-319.  In that case, the Supreme Court ruled that the trial court could not accept a notice of appeal that was submitted electronically, a means not approved by the appellate court: "Although a notice of appeal is filed with the clerk of the trial court, it is the Rules of Appellate Procedure that 'govern procedure in appeals to courts of appeals.' "  (Emphasis omitted.)  *Id.* at ¶ 10, quoting App.R. 1(A).  When considering *Louden*, one must note that this court's own local rules provide for an 11:59 p.m. cutoff for electronic filing with the appellate clerk. Loc.R. 1(G) of the Tenth Appellate District Court of Appeals.  This rule is inapplicable, however, since it necessarily governs only pleadings filed after commencement of the appeal. It does not apply to notices of appeal, which are by rule filed with the clerk of the court from which the appeal is taken, not the clerk of the court of appeals.  Because *Louden* involved filing a notice of appeal electronically with the clerk of the trial court before the appellate court in question had promulgated its own e-filing rule, it concerned the means of filing, not the timing.  Moreover, the rationale invoked in *Louden* is difficult to apply in a case where the court of appeals is asked to enlarge, rather than

restrict, the filing conditions in a trial court.  We do not consider *Louden* inconsistent with our present ruling.

{¶ 11} Even under the most favorable interpretation of the facts of this case, appellant's initial attempt to file his notice of appeal with the clerk of the Court of Claims after 4:59 p.m. on the last permissible day for timely filing was not timely.  Accordingly, we need not reach appellant's assertion that the Court of Claims' electronic filing system improperly rejected his payment of the requisite filing fee.

{¶ 12} Because the appeal does not comply with App.R. 4(A), it must be dismissed for lack of jurisdiction.  Accordingly, we grant the motion to dismiss.

*Motion to dismiss granted.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.

————————————————