[Cite as *Earth Mobile, Inc. v. U.S. Bank, N.A.*, 2023-Ohio-3354.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

EARTH MOBILE, INC.,                    :

    Plaintiff-Appellant,          :

                                   No. 111851

    v.                             :

U.S. BANK, N.A.,                       :

    Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 21, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-945693

---

### *Appearances:*

Abdul Ismaiyl and Abdul Muhaymin, *pro se.*

Taft, Stettinius & Hollister LLP, and Timothy C. Sullivan,
*for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Appellants, Abdul Ismaiyl and Abdul Muhaymin (collectively "appellants"), appeal from the trial court's judgments dismissing this action for lack of prosecution and denying their motions to intervene; for a continuance of trial, a

new trial, and findings of fact and conclusions of law; and to take judicial notice. Finding no merit to the appeal, we affirm.

## I.   Background

{¶ 2}   In March 2021, Earth Mobile, Inc. ("Earth Mobile") filed a complaint against defendant-appellee, U.S. Bank, N.A. (the "Bank"), asserting claims for bad faith, conversion, tortious interference with business relations, breach of contract, and unjust enrichment.  The claims were predicated upon Earth Mobile's allegations that the Bank inappropriately removed approximately $100,000 from Earth Mobile's two corporate checking accounts and then closed the accounts.  The complaint asked for an accounting of the funds removed from the accounts.

{¶ 3}   The Bank answered the complaint and denied the allegations.  The trial court held several pretrials in which it set dates for discovery completion and the filing of dispositive motions, and scheduled the final pretrial for June 9, 2022, and trial for July 18, 2022.  In March 2022, the trial court granted the motion of Earth Mobile's attorney to withdraw.

{¶ 4}   The Bank then filed a motion for summary judgment in which it argued there was no genuine issue of material fact because it had removed money from Earth Mobile's accounts when it returned to the Ohio Department of Job and Family Services ("ODJFS") 15 unemployment benefit payments totaling $62,589 made by the ODJFS to six different individuals — none of whom were an owner or signer on Earth Mobile's accounts — and deposited into Earth Mobile's accounts. The Bank averred that it paid the remaining funds in the accounts to Earth Mobile

and then closed the accounts. The Bank argued that the Deposit Account Agreement between the Bank and Earth Mobile regarding Earth Mobile's accounts specifically authorized the Bank to reverse the unemployment benefit payments made to the accounts, return the funds to the ODJFS, and close the accounts.

{¶ 5} Earth Mobile, represented by new counsel, filed a brief in opposition to the Bank's motion. The trial court denied the Bank's motion, ruling that:

> The core issue in this case is the disposition of assets from an account of the plaintiff which were held at defendant's Bank. During the height of the Covid-19 pandemic, plaintiff deposited or caused to be deposited a number of payments from ODJFS for unemployment benefits for various individuals associated with the plaintiff. None of the individuals were owners or signers on the account(s) to which the deposits were made. These deposits directly violate the agreement between the plaintiff and the Bank. Defendant Bank, through its representative, avers that these deposits were returned to ODJFS, and the remaining funds from the account — including Paycheck Protection Program (PPP) funds — were returned to the plaintiff. The total amount defendant alleges to have returned to the plaintiff is a sum of approximately $32,000. Defendant Bank provides no additional evidence to prove that these funds were returned. Plaintiff, through its representative, avers that these funds were never returned. Because there is a dispute of fact regarding the disposition of the remaining funds in the account, the court is unable to grant defendant's motion for summary judgment. Trial remains as previously set.

{¶ 6} On June 8, 2022, Earth Mobile filed a motion for summary judgment; on June 9, 2022, it filed an amended motion for summary judgment. Earth Mobile's counsel also filed a motion to withdraw as counsel. The trial court held the final pretrial on June 9, as scheduled. In its journal entry regarding the final pretrial, the court stated:

> 06/09/22: Case called for final pretrial; all counsel and representative for plaintiff appeared. Issues discussed, including attorney

McCollough's continuing representation of plaintiff. Amended motion for summary judgment, filed 06/09/22, is stricken. This motion was filed out of rule and without leave of court. The court refuses to entertain this motion at this late date. Motion for summary judgment, filed 06/08/22, is stricken. This motion was filed out of rule and without leave of court. Additionally, plaintiff filed a superseding motion. Trial date is maintained, no further continuances will be provided.

{¶ 7} On June 22, 2022, the Bank filed a motion in limine, asking the court to prohibit any evidence or testimony at trial regarding the Bank's return of funds to ODJFS. On June 24, 2022, the trial court granted the motion of Earth Mobile's counsel to withdraw. The court's journal entry stated:

Motion to withdraw, filed 06/09/2022, is granted. A representative for plaintiff participated at the last pretrial and did not object to the withdrawal at that time. No further objection has been filed with the court. Plaintiff may not proceed without representation, as Ohio law requires corporate litigants to be represented by an attorney licensed in the state of Ohio. Trial date maintained.

{¶ 8} On July 11, 2022, one week before trial, appellants filed a motion to intervene, contending they had individual fraud, conversion, unjust enrichment, and bad faith claims to assert against the Bank. The Bank filed a brief in opposition, arguing that appellants' motion was untimely. On July 14, 2022, appellants filed an amended motion to intervene and a motion pursuant to Civ.R. 6 for a continuance of trial.

{¶ 9} On July 18, 2022, the trial court dismissed the case with prejudice for failure to prosecute. The court ruled:

07/18/2022: Case called for trial. Counsel for defendant and defendant's representative appeared. No counsel appeared on behalf of plaintiff. Putative intervening parties did not appear. Motion pursuant to Civ.R. 6 pro se filed 07/14/2022 is denied. Amended

motion to intervene and be joined as co-plaintiffs, filed 07/14/2022, is denied. This case has been pending for almost sixteen months, and the putative plaintiffs did not attempt to become involved in the litigation until the eve of trial. Despite having two separate attorneys in this matter, neither sought to add any individual plaintiffs. Further, as the action between the parties is based on a contractual relationship between the plaintiff corporation and the defendant, the court finds no merit in allowing individual grievants to join in this litigation. Motion to intervene as co-plaintiffs, filed 07/11/2022, is moot. These litigants have filed a superseding motion. Defendant U.S. Bank's motion in limine, filed 06/22/2022, is granted. Pursuant to Civ.R. 15(G), case is dismissed with prejudice for failure to prosecute. Final.

{¶ 10} Appellants then filed a "motion for new trial due to judgment being contrary to law," which the trial court denied. The court ruled that to the extent the motion was filed on behalf of Earth Mobile, it was deemed stricken because non-attorneys cannot represent a corporation. The court ruled that to the extent the motion was filed on behalf of appellants seeking a new trial, "no trial was held so there is no potential new trial for the court to consider." To the extent the motion asked the court to reconsider its ruling on the motion to intervene, the court stated that it "stands by its rulings. The putative intervening parties had a minimum of 16 months' notice of the filing of this case but took no action until it appeared — on the eve of trial — that the plaintiff would have no counsel to go forward to trial." The court found that "the putative intervening parties have other options should they believe they have just claims to be adjudicated by the court."

{¶ 11} On August 15, 2022, appellants filed a motion for findings of fact and conclusions of law. The next day, they filed their notice of appeal with this court.[1]

---

[1] One who is not a party to an action generally has no right of appeal. *State ex rel. Lipson v. Hunter*, 2 Ohio St.2d 225, 208 N.E.2d 133 (1965). One who has attempted to

They then filed an amended motion for findings of fact and conclusions of law in the trial court. The trial court dismissed the original motion for findings of fact and conclusions of law and, because an appeal had been filed, found that it did not have jurisdiction to rule on the amended motion. Appellants then filed a "motion for mandatory judicial notice and hearing," and the trial court again found that it lacked jurisdiction to rule on the motion in light of appellants' appeal.

## II.  Law and Analysis

### A. Dismissal of the Complaint; Denial of Motion to Intervene

{¶ 12} In their first assignment of error, appellants contend that the trial court (1) erred in dismissing the case with prejudice for failure to prosecute; and (2) abused its discretion in denying appellants' motion to intervene as co-plaintiffs. We find no error.

{¶ 13} First, under App.R. 3(A) and 4(A)(1), Earth Mobile was required to file a notice of appeal within 30 days of the entry of the trial court's judgment in order to preserve its right to challenge the trial court's dismissal of the complaint, as well as any other rulings made by the trial court regarding Earth Mobile. The record, however, reflects that the notice of appeal filed on August 16, 2022, was filed by the "putative co-plaintiff intervenors who gives (sic) this Court notice of appeal to the Cuyahoga County Eighth District Court of Appeals" and was signed by appellants. The notice does not state that the appeal was filed by Earth Mobile, nor was the

---

intervene, however, has the requisite standing to appeal. *Januzzi v. Hickman*, 61 Ohio St.3d 40, 45, 572 N.E.2d 642 (1991).

notice signed by any licensed attorney on behalf of Earth Mobile.[2] "The failure to timely file a notice of appeal deprives an appellate court of jurisdiction to entertain the appeal." *State v. Hamberg*, 2015-Ohio-5074, 53 N.E.3d 918, ¶ 8 (1st Dist.), citing *State ex rel. Curran v. Brookes*, 142 Ohio St. 107, 50 N.E.2d 995 (1943), paragraph seven of the syllabus. Accordingly, because Earth Mobile did not file a timely notice of appeal, this court is without jurisdiction to consider any of the trial court rulings regarding Earth Mobile, including the court's dismissal of the case with prejudice.

{¶ 14} With respect to appellants' motion to intervene, we review the trial court's denial for an abuse of discretion. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. "'Abuse of discretion' is a term of art, describing a judgment neither comporting with the record, nor reason." *Klayman v. Luck*, 8th Dist. Cuyahoga Nos. 97074 and 97075, 2012-Ohio-3354, ¶ 12, citing *State v. Ferranto*, 112 Ohio St. 667, 676-677, 148 N.E. 362 (1925). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Klayman* at *id.*, quoting *AAAA Ents. Inc. v. River Place Community Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

---

[2] "A corporation cannot maintain litigation *in propria persona*, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." *Union Savs. Assn. v. Home Owners Aid*, 23 Ohio St.2d 60, 262 N.E.2d 558 (1970), syllabus.

{¶ 15} Civ.R. 24 governs a party's right to intervene in an action. Under Civ.R. 24(A), "upon timely application," anyone shall be permitted to intervene in an action when (1) a statute confers an unconditional right to intervene; or (2) the applicant claims an interest relating to the property or transaction that is the subject matter of the action and the disposition of the action may impair or impede the applicant's ability to protect that interest. Under Civ.R. 24(B), "upon timely application," a trial court may permit a party to intervene in an action when (1) a statute confers a conditional right to intervene; or (2) an applicant's claim or defense and the main action have a question of law or fact in common. Thus, Civ.R. 24 makes clear that the application to intervene, whether by right or permissively, must be "timely."

{¶ 16} The trial court denied the motion to intervene as untimely because it was filed on the "eve of trial." The trial court also found that because the action was based wholly upon a contractual relationship between Earth Mobile — a corporation — and the Bank, there was no merit to allowing appellants to intervene at such a late stage of the litigation to assert individual claims.

{¶ 17} When reviewing an application to intervene, a trial court must first determine whether the application is timely. *State ex rel. EPA v. Washington Cty. Bd. of Comms.*, 4th Dist. Washington No. 20CA13, 2021-Ohio-1970, ¶ 11, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998). Whether a motion to intervene is timely depends on the facts and circumstances of the case. *First New Shiloh Baptist Church* at *id*. Factors to be

considered in determining whether the motion is timely are: (1) how far the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly apply for intervention; and (5) any unusual circumstances weighing heavily against or in favor of intervention. *Id.*

{¶ 18} Considering these factors, there is no question that appellants' motion to intervene was untimely. Regarding how far the case had progressed and the purpose for intervention, the record demonstrates that the case had been pending for nearly 16 months when appellants filed their motion to intervene, and the case was only a week away from trial. Significantly, despite the appearance of two different attorneys for Earth Mobile, neither attorney took any action in 16 months to add appellants to the case, presumably because the checking accounts at issue were owned by a corporation, and the contract governing the accounts was between Earth Mobile and the Bank, not between appellants and the Bank. As the trial court found, it seems that appellants attempted to intervene on the eve of trial only when it appeared that Earth Mobile would not have counsel to go forward at trial.

{¶ 19} Regarding the length of time preceding the motion to intervene in which appellants knew or reasonably should have known of their interest in the case, it is apparent that appellants' claims arose from the same facts and circumstances as Earth Mobile's claim, i.e., the Bank's removal of certain deposits from Earth

Mobile's corporate account and the return of those funds to ODJFS. Thus, as owner/members of Earth Mobile, appellants were on notice when the complaint was filed on March 30, 2021, nearly 16 months before their motion to intervene was filed, of their interest in the case.

{¶ 20} With respect to any prejudice to the original parties, it is apparent that allowing appellants to intervene only one week prior to trial would certainly have prejudiced the Bank, who, like every litigant, is entitled to proceed to trial without unnecessary delay. The trial — which had been scheduled for months — would have been delayed, discovery would have been reopened, and the pretrial process would have begun anew, adding expenses in the case for the Bank that could have been avoided if appellants had timely moved to intervene.

{¶ 21} Finally, the record does not reflect any unusual circumstances that would justify appellants' late intervention. Although appellants contend they should have been allowed to intervene because they would be time-barred from asserting their claims in a separate action, R.C. 2305.09 provides that fraud and conversion claims shall be brought within four years after the cause of action accrued. A cause of action accrues when the tortious act is committed. *Mattress Matters, Inc. v. Trunzo*, 2016-Ohio-7723, 74 N.E.23d 739, ¶ 12 (8th Dist.). As alleged in Earth Mobile's complaint, the Bank removed the disputed funds in June or July 2020, so the four-year statute of limitations for appellants' claims is not yet implicated. Moreover, appellants' assertion that intervening was the only way to protect their interest as owners of Earth Mobile is incorrect. Earth Mobile could have voluntarily

dismissed the case at any point before trial under Civ.R. 41(A) and then refiled after it obtained new counsel.

{¶ 22} In *Davis v. Border*, 170 Ohio App.3d 758, 2007-Ohio-692, 869 N.E.2d 46 (11th Dist.), the Eleventh District affirmed the trial court's denial of the appellant-insurer's motion to intervene because the insurer's motion was filed 14 months after its insured was served with the complaint and notified the insurer of the case, discovery in the case was completed and a motion for summary judgment had been filed, trial was scheduled in 14 days, and the insurer gave no reason for its 14-month delay in moving to intervene. *Id*. at ¶ 51, 54. Under these circumstances, the court found that "by any reasonable standard," the insurer's motion to intervene was untimely. *Id*. at ¶ 54.

{¶ 23} We reach the same result here. Appellants' motion was filed nearly 16 months after the complaint was filed, after discovery in the case was completed and a motion for summary judgment had been filed, trial was scheduled in one week, and appellants did not give a valid reason for their significant delay in moving to intervene. Because the motion to intervene was obviously untimely, the trial court did not abuse its discretion in denying the motion. The first assignment of error is overruled.

**B. Motion for Continuance of Trial**

{¶ 24} In their second assignment of error, appellants contend that the trial court abused its discretion and denied their due process rights by denying their motion for a continuance of trial. Because the trial court properly denied appellants'

motion to intervene, there was no reason to grant a continuance of trial on Earth Mobile's claims. The second assignment of error is overruled.

**C. Due Process**

{¶ 25} In their third assignment of error, appellants contend that the trial court violated their due process rights because the court "prevented them from entering the courtroom on the day of trial" but then stated in its journal entry dismissing the case that "the putative intervening parties did not appear." Appellants' allegation is unsupported by any evidence whatsoever in the record and thus, is wholly without merit.

{¶ 26} Appellants next contend that the trial court's grant of the Bank's motion in limine demonstrated its bias against them. Although Earth Mobile did not appeal this ruling, we consider whether the trial court abused its discretion in granting the Bank's motion because of appellants' assertion of bias. *See Caldwell v. Lucic Ents.*, 8th Dist. Cuyahoga No. 97303, 2012-Ohio-1059, ¶ 8 (an appellate court reviews the grant or denial of a motion in limine for an abuse of discretion).

{¶ 27} In its complaint, Earth Mobile alleged that the Bank improperly removed various deposits from its checking accounts. The Bank's motion in limine asked the court to exclude any evidence about the Bank's removal and return of the unemployment benefit deposits to ODJFS because the evidence was irrelevant to Earth Mobile's claims. We agree. In its journal entry denying the Bank's motion for summary judgment, the trial court specifically found that the deposits to Earth Mobile's corporate checking accounts from ODJFS "directly violate the agreement

between the plaintiff and the Bank." Because the deposits were improper and a breach of the agreement, the Bank's removal of the deposits and its return of the funds to ODJFS was not actionable by Earth Mobile. Thus, any evidence about the improper deposits was irrelevant to Earth Mobile's claims and hence, inadmissible under Evid.R. 402.[3]

{¶ 28} The proper removal from Earth Mobile's accounts of unemployment payments intended for third persons who were not owners or signers on Earth Mobile's accounts is also not probative evidence that the Bank made other improper fund removals, as alleged by Earth Mobile. Thus, admission of the evidence would also be improper under Evid.R. 403 because its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[4]

{¶ 29} Accordingly, the trial court did not abuse its discretion in granting the Bank's motion in limine, and thus it cannot be said that the ruling demonstrated any bias against appellants. The third assignment of error is overruled.

**D. Motion for New Trial**

{¶ 30} After the trial court issued its entry dismissing the case for prejudice, appellants filed a motion for a new trial pursuant to Civ.R. 59(A)(7), contending that

---

[3] Evid.R. 402 states that "[a]ll relevant evidence is admissible * * *. Evidence which is not relevant is not admissible."

[4] Under Evid.R. 403, evidence, even if relevant, "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

under that provision of Civ.R. 59, a new trial may be granted where "the judgment is contrary to law." The trial court denied the motion, finding that to the extent the motion was filed on behalf of Earth Mobile, it was deemed stricken because appellants could not represent a corporation, and to the extent the motion was filed on behalf of appellants, because no trial was held in the case, "there is no potential new trial for the court to consider." In their fourth assignment of error, appellants contend that the trial court abused its discretion in denying their motion for a new trial.

{¶ 31} An appellate court will not reverse a decision regarding whether to grant a new trial absent an abuse of discretion. *Quinlan v. Highland*, 5th Dist. Muskingum No. CT2018-0030, 2018-Ohio-4096, ¶ 14, citing *Yungwirth v. McAvoy*, 32 Ohio St.2d 285, 291 N.E.2d 739 (1972).

{¶ 32} "A threshold question in determining whether a new trial, pursuant to Civ.R. 59, is warranted is whether the trial court had in fact conducted a 'trial.'" *Shepherd v. Shepherd*, 10th Dist. Franklin No. 17AP-436, 2018-Ohio-1037, ¶ 20, citing *Wolf-Sabatino v. Sabatino*, 10th Dist. Franklin No. 12AP-307, 2012-Ohio-6232, ¶ 13 (considering as an initial matter whether a trial was conducted because "a motion for a new trial properly lies only after a trial"); *Fougere v. Estate of Fougere,* 10th Dist. Franklin No. 17AP-72, 2017-Ohio-7905, ¶ 14 ("A motion for a new trial is a nullity unless it is filed after a trial has occurred.").

{¶ 33} A proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in the proceeding. *First Bank of Marietta*

*v. Mascrete, Inc.*, 79 Ohio St.3d 503, 507, 684 N.E.2d 38 (1997). For example, courts should consider whether the proceeding took place in court, whether it was held in the presence of a judge or magistrate, whether the parties or counsel were present, whether arguments were presented in court, and whether a judgment was rendered on the evidence. *Id.* Other indicia may be considered but "the focus of the inquiry is whether there is substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial for Civ.R. 59 purposes." *Id.*

{¶ 34} No indicia of trial are present here. No proceeding was held where evidence or argument was presented in court after which a judgment was rendered. The trial court dismissed the case *before trial* because although counsel for the Bank and the Bank's representative appeared for trial, neither counsel for Earth Mobile nor the putative intervening parties appeared. Because no trial was had in this case, there is no "new" trial to be had. Accordingly, the trial court did not abuse its discretion in denying appellants' motion for a new trial. The fourth assignment of error is overruled.

### E. Findings of Fact and Conclusions of Law

{¶ 35} On August 15, 2022, appellants filed a motion for findings of fact and conclusions of law pursuant to Civ.R. 52. The next day, they filed a notice of appeal in this court. On the same day, they filed an "amended motion" for findings of fact and conclusions of law in the trial court. The trial court dismissed the original motion and, because an appeal had been filed, found that it did not have jurisdiction to rule on the amended motion. In their fifth assignment of error, appellants

contend that the trial court erred when it "refused to answer" their motion for findings of fact and conclusions of law.

{¶ 36} Civ.R. 52 states that "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * * in which case, the court shall state in writing the findings of fact found separately from the conclusions of law." The court did not conduct a trial without a jury in this case and did not decide any questions of fact. Thus, the court had no duty to enter any findings of fact or conclusions of law. *See Byrd v. Frush*, 5th Dist. Licking No. 13-CA-10, 2013-Ohio-3682, ¶ 31 ("Pursuant to Civ.R. 52, the trial court is only required to provide findings of fact or conclusions of law when 'questions of fact are tried by the court without a jury.'"). The fifth assignment of error is therefore overruled.

### F. Judicial Notice

{¶ 37} On August 24, 2022, after appellants had filed their notice of appeal, they filed a "motion for mandatory judicial notice and hearing" in the trial court, asking the court to take judicial notice of common law decisions regarding the effect of an appeal on a trial court's obligation to issue findings of fact and conclusions of law pursuant to Civ.R. 52. Appellants asserted that the trial court should issue findings of fact and conclusions of law in accordance with Civ.R. 52 and, citing *Langsam v. Tindera*, 64 Ohio App.3d 228, 580 N.E.2d 1157 (8th Dist.1990), argued that a trial court retains jurisdiction to issue findings of fact and conclusions of law even after an appeal has been filed. The trial court ruled that it was without

jurisdiction to rule on the motion during the pendency of appellants' appeal. In their sixth assignment of error, appellants contend that the trial court's ruling was erroneous.

{¶ 38} We need not consider whether a trial court retains jurisdiction to issue findings of fact and conclusions of law after an appeal has been filed because, as discussed above, a trial court's obligation to issue findings of fact and conclusions of law under Civ.R. 52 arises only when questions of fact are tried by the court without a jury. Because the trial court did not conduct a trial or decide any questions of fact, it had no obligation to issue findings of fact and conclusions of law, whether before or after appellants filed their notice of appeal. The sixth assignment of error is overruled.

{¶ 39} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR